VAN DEMAN & LEWIS COMPANY, A CORPORATION, *Plaintiff in Error,* v. JAMES DEMOS AND C. D. ABBOTT, PARTNERS AS ATLANTIC CIGAR STORE, *Defendants in Error.*

1. Where there is no evidence of the formation or existence of a partnership as between two defendants, it is not error

to so charge the jury, when the question of such a partner-ship is in issue.

2.  Where a partnership is not shown, it is not error to reject as primary evidence, a mercantile report relative to such a partnership, where it does not appear that the report is a correct statement of information obtained from or with the knowledge of the persons involved.

3.  Where the issues whether a defendant held himself out or permitted himself to be held out as a partner, and whether the plaintiff had knowledge of such holding out, and was induced to extend credit on the faith of such hold ing out, were fairly submitted, and there is evidence to sustain the finding made, it will not be disturbed, no material errors of law or procedure appearing.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Kay & Doggett,* for Plaintiff in Error;

*Fletcher & Dodge, for Defendants in Error.*

WHITFIELD, C. J.—The plaintiff in erorr brought an action of assumpsit against Demos and Abbott as part-ners. There was judgment for defendant and the plain-tiff took writ of error. A default was entered against Abbott, and Demos pleaded to the merits and that he never was a partner with Abbott.

Among the errors assigned is the giving of the following instruction:

"The court instructs you that in this case that no evi-dence has been introduced or shown that any contract of

partnership existed between Abbott and Demos, and there is not shown by the evidence the existence of a partnership of fact between Abbott and Demos. That you must therefore ascertain from a preponderance of the evidence whether the defendant, Demos, held out or permitted himself to be held out as a partner, and whether the plaintiff had knowledge of such holding out, and was induced to extend credit on the faith of such holding out."

This charge was justified by the evidence, since there was no evidence to show the formation or the existence of a partnership as between the defendants.

At the request of the plaintiff the court charged the jury fully upon the question of joint liability as distinguished from a liability of the defendants as partners, and the charges complained of, if erroneous, are not harmful in view of the evidence.

As no partnership between the defendants was shown, there was no error in rejecting as Primary evidence a mercantile report relative to such a partnership, which was not shown to be a correct statement of information obtained from Abbott with the knowledge of Demos.

The issues whether Demos held himself out or permitted himself to be held out as a partner, and whether the plaintiff had knowledge of such holding out, and was induced to extend credit on the faith of such holding out, were fairly submitted to the jury and they found for the defendants.

This finding is not unlawful under the evidence, and as no material errors of procedure appear, the judgment rendered for the defendants is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.