EMIL MACH, *Plaintiff in Error,* v. NATHAN MAYO, *Defendant in Error.*

Opinion Filed August 2, 1920.

1. A plea denying the existence of the relation in which defendants are sued imposes upon the plaintiff the burden of proving the existence of the relation as alleged.

2. Whether the facts constitute a partnership relation between persons is a question of law.

3. It is competent for a witness to testify as to the facts which it is claimed constitute the partnership relation between certain persons, but he may not tesify as to his opinion concerning the existence of the relation.

4. Instructions upon abstract propositions of law which are inapplicable to the evidence and tend to mislead and confuse the jury to the injury of the complaining party constitute reversible error.

*L. W. Duval,* for Defendant in Error.

*Johnston & Garrett,* for Plaintiff in Error;

A writ of error to the Circuit Court for Sumter County; W. S. Bullock, Judge.

Judgment reversed.

ELLIS, J.—Nathan Mayo brought an action against J. C. Ledbetter and Emil Mach as co-partners doing business under the name and style of Mach Crate Company, alleging that on August 1st, 1919, the defendants as co-partners were indebted to him in the sum of $1,433.59 for money payable, for goods bargained and sold; for work done and material furnished and on account stated. To this declaration Emil Mach pleaded: First, that he is not and never was a co-partner with J. C. Ledbetter; second, never was indebted. Default was entered against Ledbetter and there was a verdict and judgment for the plaintiff against the defendants as co-partners in the sum of $1,433.57. Emil Mach took a writ of error and obtained an order of severance as to Ledbetter. There are fourteen assignments of error.

The burden of proof was upon the plaintiff to establish the relation of co-partnership between Ledbetter and Mach or to show that Mach held himself out as a partner of Ledbetter or permitted himself to be held out as such to the plaintiff who was misled by such holding out on Mach's part and induced to extend the credit to what he believed was the co-partnership. See Rule 24 Circuit Courts Law Actions; Van Deman & Lewis Co. v. Demos, 64 Fla. 533, 60 South. Rep. 342; Doggett v. Jordan, 2 Fla. 541; Snowden v. Cunningham, 59 Fla. 604, 51 South. Rep. 543; Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332; 21 Standard Ency. of Proc., 79; 20 R. C. L. 849; 10 R. C. L. 898; Dubos v. Jones, 34 Fla. 539, 16 South. Rep. 392; Webster v. Clark, 34 Fla. 637, 16 South. Rep. 601; Marx v. Culpepper, 40 Fla. 322, 24 South. Rep. 59.

The plaintiff sought to hold the defendants jointly liable upon the alleged indebtedness, but he alleged the existence of a partnership between them. There was no

evidence to prove such relation. It is true that the plaintiff testified that "J. C. Ledbetter held *himself* out as a partner of Emil Mach" and that the plaintiff was satisfied that Mach and Ledbetter were partners. But whether certain facts constitute a partnership relation is a question of law and a witness may not settle the question of law by merely giving his opinion as to the fact of partnership. Now assuming that the plaintiff could recover in this action by showing a holding out by Mach that he was a partner of Ledbetter although no partnership in fact existed there is nothing in the evidence to justify the verdict.

It is unnecessary to quote the witnesses at length. The letter of Emil Mach to J. C. Ledbetter dated May 22, 1919, in which he discussed the formation of a corporation expressly stated that pending the completion of the corporation "this is not to be considered a partnership because I am advancing all the money being solely indebted on all debts." Ledbetter was to get one-half of the stock of the corporation. The letter of the plaintiff to Ledbetter dated May 14, 1919, was a proposition made to Ledbetter alone to sell him the material. The mill property was not purchased from H. O. Collier until May 26, 1919. The Mach Crate Company which purchased the mill property was composed of Emil and Ernest Mach. The fact that Mayo, the plaintiff, was paid for much of the material consisting of block sold to Ledbetter, by drafts on the Mach Crate Co. of Kissimmee does not establish the existence of a co-partnership between Ledbetter and Emil Mach. Ledbetter swore that he and Mach were partners, but he testified to no facts which in law constituted a co-partnership and his mere assertion of the existence of the relation did not bind Mach. Ledbetter himself testi-

fied that at the time he "made the deal for the blocks and took the option" he did not know who would "go in" with him. He thought it would be either "Emil Mach or a banker at Ft. Meade." Some witnesses testified that at Oxford it was "generally understood" that the business was owned by Ledbetter and Emil Mach, others said by Ledbetter and Mach Brothers, but the actual existence of partnership relations is not established in that manner and that evidence did not tend to prove a holding out by Mach that he and Ledbetter were partners before the plaintiff sold the blocks to Ledbetter.

The court instructed the jury upon the subject of one's liability jointly with another where one holds himself out as a partner with another and induces a third person to extend credit to the supposed partnership. In six instructions this proposition was submitted to the jury. These instructions were inapplicable to the evidence, mere abstract propositions of law tending to mislead and confuse the jury, and were necessarily harmful to the defendant, and constituted reversible error. See Mullikin v. Harrison, 53 Fla. 255, 44 South. Rep. 426; Jacksonville St. Ry. Co. v. Chappell, 21 Fla. 175; South Florida R. Co. v. Weese, 32 Fla. 212, 13 South. Rep. 436; Savannah, F. & W. Ry. Co. v. Tiedeman, 39 Fla. 196, 22 South. Rep. 658.

The judgment is reversed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND WEST, J. J., concur.