280 So.2d 512 (1973)
TALLAHASSEE DEMOCRAT, INC., a Florida Corporation, Petitioner,
v.
Tom POGUE, Respondent.
No. T-337.
District Court of Appeal of Florida, First District.
July 17, 1973.
*513 C. DuBose Ausley, and C. Graham Carothers, Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, for petitioner.
Harry L. Michaels, Tallahassee, for respondent.
PER CURIAM.
This matter appears before us in a petition for a writ of certiorari asking this Court to review and quash an Order of the Circuit Court, Leon County, Florida, entered on June 4, 1973, wherein the trial court ordered the petitioner to produce for use by the respondent of petitioner's 1971 and 1972 federal income tax returns and its most recent profit and loss statement; and to review and quash the order of the same court entered on the same date denying summary judgment.
Briefs have been filed and oral arguments have been heard.
We will dispose of the questions in the order as presented in petitioner's brief; that is, the question of the order requiring the petitioner to produce its federal income tax returns for the years 1971 and 1972, and its most recent profit and loss statement will be determined by us first.
We think the law is well-settled in this case by the case of Spencer Ladd's, Inc. v. Lehman et al., as found in 167 So.2d 731, from this Court, and affirmed by the Supreme Court of Florida in 182 So.2d 402, wherein the rule was laid down that evidence is permissible to allow the introduction of evidence of "financial worth" of the defendant, in cases where punitive damages are allowable. Financial worth is not synonymous to income tax returns or profit and loss statements. The purpose of punitive damages is for punishment or example as deterrent to others inclined to commit similar wrongs. The purpose of the rule of evidence is to indicate to the jury what amount, if any, a verdict would be proper to assess for punishment and at the same time not render the defendant bankrupt. The income tax return and profit and loss statements would not necessarily portray a true picture of financial worth. A financial statement properly authenticated would be proper for the purpose of financial worth.
Therefore, the order requiring the petitioner to so produce is hereby quashed and set aside.
The second question involved the trial court's order denying petitioner's motion for summary judgment.
Under the holding in Pullman Company v. Fleishel, 101 So.2d 188 (Fla. App. 1st, 1958), a writ of certiorari will not lie to review the denial of a summary judgment. Therefore, the petition for certiorari as to this point is denied.
RAWLS, C.J., and JOHNSON, J., concur.
SPECTOR, J., specially concurs.
SPECTOR, Judge (specially concurring):
I agree with the majority's determination that income figures and tax returns bear no relevance to the issue of punitive damages and therefore the order requiring production thereof should be quashed.
*514 With respect to the remaining issue, however, I think it important to observe that the court's refusal to review petitioner's claim that the publication is not actionable should in no way be taken to mean that the claim is without merit.
Rather, our denial of certiorari on that issue means only that we are precluded by the Rules of Civil Procedure, as construed in the Pullman case, supra, from considering whether it is actionable for a newspaper to publish materials on what its reporters perceive to be a "bait and switch" operation in the mail order photographic portrait business in a pretrial summary proceeding.