314 So.2d 762 (1975)
Alfred RINALDI and Allstate Insurance Company, a Foreign Corporation, Petitioners,
v.
Larry AARON, Respondent.
No. 45935.
Supreme Court of Florida.
April 30, 1975.
Joseph A. McGowan, Petersen, McGowan & Feder, Miami, for petitioners.
Sanford H. Kramer and Linda Dakis, Kramer & Telander, Miami, for respondent.
ROBERTS, Justice.
This cause is before us on writ of certiorari granted to review the decision of the District Court of Appeal, Third District, in Aaron v. Rinaldi, reported at 296 So.2d 632 (Fla.App.3, 1974), which purportedly conflicts with International Union of Operating Engineers, Local No. 675 v. Lassiter, etc., 295 So.2d 634 (Fla.App.4, 1974), (now pending before us on petition for writ of certiorari). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Respondent filed a complaint for both compensatory and punitive damages for injuries sustained as a result of an automobile accident with the petitioner who allegedly had operated his motor vehicle in such a reckless manner as to evidence a flagrant, malicious and wanton disregard for the values and safety of human life. At *763 the trial, respondent called defendant as an adverse witness, but did not make inquiry into the financial ability of the defendant to pay punitive damages. At the conclusion of respondent's case, petitioner moved to strike respondent's claim for punitive damages on the ground that respondent did not present any evidence of the petitioner's financial ability to pay an award of punitive damages. The trial judge granted this motion to strike and thereby withdrew from the jury's consideration the issue of punitive damages. Respondent filed motion for new trial. After argument and submission of memoranda of law by the parties, the trial court certified the following question to the District Court of Appeal, Third District:
"Whether or not the plaintiff must as a predicate for his claim for punitive damages introduce evidence of the defendant's financial worth and ability to pay any award of punitive damages in order for the issue to be considered by the jury?"
The District Court of Appeal, Third District, opined:
"In determining the amount of punitive damages, a jury properly may consider the nature, extent, and enormity of the wrong, the intent of the party committing it, and generally all the circumstances attending the particular transaction involved, as well as any mitigating circumstances which may operate to reduce without wholly defeating such damages, including the financial and social condition and standing of the party. [Authority cited.] However, evidence of the defendant's financial position may not be considered in passing upon the question of law as to whether the case is one in which punitive damages may be allowed. 22 Am.Jur.2d, Damages § 322 (1965).
"In light of the foregoing principles, it is apparent that the financial worth of the defendant is one of many elements, which properly may be considered by a jury in its determination of the amount to be awarded as punitive damages, but evidence of worth is not a requisite to such award. See Charles v. Texas Co., 199 S.C. 156, 18 S.E.2d 719 (1942); Rogers v. Florence Printing Company, 233 S.C. 567, 106 S.E.2d 258 (1958).
"Further, although the defendant's financial worth is admissible for consideration by the jury of the amount of punitive damages to be awarded, the burden of proof of worth is not exclusively upon the complainant as in absence of introduction of such proof by the complainant, defendant may introduce his financial ability to pay an award of punitive damages for the purpose of mitigation thereof. See, e.g., Holmes v. Hollingsworth, 234 Ark. 347, 352 S.W.2d 96 at 99 (1961)."
We agree with the decision of the District Court of Appeal, Third District, that in determining the amount of punitive damages, the jury may consider the nature, extent, and enormity of the wrong, the intent of the party committing it and all circumstances attending the particular incident, as well as any mitigating circumstances which may operate to reduce without wholly defeating such damages, including financial position of defendant but that the evidence of financial position may not be considered in passing upon the question of law as to whether the case is one in which punitive damages may be allowed.
This Court has consistently held that evidence of defendant's financial ability to pay punitive damages is admissible, that is to say that it is permissible when considering punitive damages to allow the introduction of evidence of financial worth. Cf. Buie v. Barnett National Bank of Jacksonville, 266 So.2d 657 (Fla. 1972); Lehman v. Spencer Ladd's, Inc., 182 So.2d 402 (Fla. 1966); Fisher v. City of Miami, 172 So.2d 455 (Fla. 1965); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); Dr. P. *764 Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943); S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (1938); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); Jones et al. v. Greeley, 25 Fla. 629, 6 So. 448 (1889). Cf. Florida Standard Jury Instruction 6.12, Punitive Damages. See also: Tallahassee Democrat, Inc. v. Pogue, 280 So.2d 512 (Fla.App.1, 1973); Richards Co. v. Harrison, 262 So.2d 258 (Fla.App.1, 1972); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla.App.3, 1971); Lewis v. Moody, 195 So.2d 260 (Fla.App.3, 1967); Mendoza v. Farrell, 199 So.2d 750 (Fla.App.3, 1967); Hutchinson v. Lott, 110 So.2d 442 (Fla. App.1, 1959); Miami Beach Lerner Shops, Inc. v. Walco Mfg. of Fla., Inc., 106 So.2d 233 (Fla.App.3, 1958). Although this Court has held that in determining punitive damages such evidence of financial worth is admissible, the question presented sub judice as to the necessity of showing financial worth has not been answered by this Court. In the above cited cases, the question before the reviewing courts was the admissibility as contrasted to the necessity of such evidence.
We are constrained to the view stated in 22 Am.Jur.2d Damages § 322 that "evidence of the financial condition of the defendant is admissible and may be considered by the jury in determining the amount of exemplary or punitive damages to be allowed and what amount of punishment would be inflicted thereby on the theory that the allowance of a given sum would be a greater punishment to a man of small means than to one possessing larger wealth.... But evidence of the defendant's financial position may not be considered in passing upon the question of law as to whether the case is one in which punitive damages may be allowed." and as expressed by the California Appellate Court in Fletcher v. Western National Ins. Co., 10 Cal. App.3d 376, 89 Cal. Rptr. 78 (1970), as follows:
"Although defendants' counsel in his opening statement to the jury admitted that defendant Western National had assets, there was no evidence introduced as to the financial condition of either defendant. Defendants contend that an award of punitive damages may not be upheld in the absence of such evidence. While the propriety and desirability of evidence of the defendant's financial condition where punitive damages are sought is indicated in Coy v. Superior Court, 58 Cal.2d 210, 223, 23 Cal. Rptr. 393, 373 P.2d 457, such evidence is not absolutely essential. (Hanley v. Lund, 218 Cal. App.2d 633, 645, 32 Cal. Rptr. 733.)"
Relative to the proving of punitive damages, Dobbs in his treatise on damages, Dobbs, Remedies at 218, 219, explained:
"The main technique of proof is to explore the defendant's wealth. The existence or non-existence of the defendant's wealth or financial support is wholly irrelevant when it comes to compensatory damages. But since the purpose of punitive damages is punishment and deterrence, the sum assessed, if it is to be effective at all, must be a sufficiently large one to have effect. A hundred dollar punitive liability may be sufficient punishment for a man of limited means, a thousand dollar punitive liability might be inadequate for a man of great wealth. For these reasons, courts permit the plaintiff claiming punitive damages to introduce evidence showing something of the defendant's financial resources, net worth, for example. At times it is even argued by defendants that no punitive award can be sustained without proof of the defendant's wealth, though this is properly rejected."
Cf. Wisner v. Kresge Co., 465 S.W.2d 666 (Mo. App. 1971); Hicks v. Herring, 246 S.C. 429, 144 S.E.2d 151 (1965); Holmes v. Hollingsworth, 234 Ark. 347, 352 S.W.2d 96 (1961); Phelan v. Beswick, 213 Or. 612, 326 P.2d 1034 (1958).
In Charles v. Texas Co. et al., 199 S.C. 156, 18 S.E.2d 719 (1942), involving an action *765 for conspiracy wherein the appellant asserted that the verdict for punitive damages against him could not stand for lack of evidence of his financial worth, the Supreme Court of South Carolina held:
"The appellant Ezelle next asserts as a part of the argument of himself and the Texas Company that the verdict for punitive damages against him cannot stand for lack of evidence of his financial worth. The only evidence which we find in the record touching this defendant's financial condition is that he was `zone' manager or representative for the Texas Corporation with extensive territory; but he cites no authority, and we know of none, that requires evidence of a defendant's financial worth to warrant a finding of punitive damages if there is other required evidence upon which to base such a finding. All the authorities are to the effect that the financial ability of a defendant is a fact for consideration of the jury but, as stated, none of which we know make it a requisite. There may well be cases, this one of them, where sources of evidence of a defendant's worth are not available to the plaintiff. Such information is peculiarly within the possession of the defendant and in this instance, although he testified, he furnished none, and we do not think that under these circumstances he should be heard to complain of its absence or paucity."
Cf. Rogers v. Florence Printing Co., 233 S.C. 567, 106 S.E.2d 258 (1958), and Parker v. Hoefer, 118 Vt. 1, 100 A.2d 434 (1953).
For the foregoing reasons, we agree with the District Court of Appeal, Third District, sub judice in answering the certified question posited by the trial court in the negative and we hold that evidence of financial worth is admissible and may be considered by the jury in its determination of the amount to be awarded as punitive damages, but evidence of worth is not a requisite to such award. If defendant's financial worth is meager, it would be to his advantage to introduce such evidence in order to mitigate the damage award. As was stated by Sutherland in his Treatise on Damages, § 404 at 1315, "In cases where it is competent for the plaintiff to prove the wealth of the defendant to increase the damages, it is equally competent for the defendant to show a want of it to diminish them."
Accordingly, the decision of the District Court of Appeal, Third District, is approved and the writ is discharged.
It is so ordered.
ADKINS, C.J., McCAIN and ENGLAND, JJ., and ORLANDO, Circuit Judge, concur.