342 So.2d 827 (1977)
CITY STORES COMPANY d/b/a Richard's Department Store, et al., Appellants,
v.
Florence B. MAZZAFERRO, Appellee.
No. 75-1415.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
Rehearing Denied March 17, 1977.
Steven R. Berger of Carey, Dwyer, Austin, Cole & Selwood, P.A., Miami, for appellant-City Stores Company, d/b/a Richard's Department Store.
Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellants Ogus and Benenson.
Edward A. Perse and Arnold R. Ginsberg of Horton, Perse & Ginsberg and Stanley Rosenblatt, Miami, for appellee.
*828 DAUKSCH, Judge.
This is a malicious prosecution and false imprisonment case wherein Appellant was Defendant below and Appellee was Plaintiff. The Judgment appealed was based on a jury verdict awarding Plaintiff $5,000 compensatory damages against Defendants Ogus, Rabinovich, Ogus, Inc. and Rudolph J. Benenson jointly and $10,000 punitive damages against Ogus, Rabinovich, Ogus, Inc. solely. It also awarded $13,000 compensatory and $40,000 punitive damages against Defendant City Stores Company.
Three primary questions are presented here. One, was there a lack of proof as a matter of law to permit the jury to find a lack of probable cause for the imprisonment and prosecution giving rise to this suit. Simply stated, was there sufficient evidence to go to a jury. Two, was the award of $10,000 punitive damages against the Defendant Ogus, Rabinovich, Ogus, Inc. improper since the unrefuted testimony indicated that Defendant was insolvent and an award of that amount would "bankrupt" that Defendant. Three, was it proper for a policemen to testify about his advice to the Defendants Ogus, Rabinovich, Ogus, Inc. and Benenson. Precisely, did his testimony constitute impermissible opinion testimony and did it invade the province of the jury.
We find the question of the quality and quantity of evidence very close and thus hold that the trial court did not err in its decision to let the jury decide.
As to the second and third questions we reverse and remand for a new trial.
When all the testimony is considered it appears the jury in this case could properly award punitive damages to the Plaintiff and against the Defendant but the amount to be extracted from the Defendant cannot be such that would bankrupt him. It is clearly established that Defendant Ogus, Rabinovich, Ogus, Inc. is insolvent and unable to pay exemplary damages of $10,000. Therefore the jury should not have been permitted to award that amount and Judgment should not have been rendered therefor. See Lehman v. Spencer Ladd's, Inc., 182 So.2d 402 (Fla. 1965) which holds that punitive damages is "... punishment of each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt." See also Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975). It is up to the Plaintiff to establish the Defendant is able to pay and the Defendant may present evidence in mitigation.
Now we turn to the police officer through whom certain opinion testimony was presented which either invaded the province of the jury or was opinion testimony of a nonqualified expert depending on how it is viewed. Either way it was prejudicial error to admit it in the manner in which it was admitted. The police officer was asked by the Appellee, over objection by the Appellant, what he had told agents of the Appellants and he answered "I cited the law to Mr. Fineberg as defined in Florida Statutes ... that her action did not warrant her being taken into custody ..." "I told him that her arrest and detention and custody at that time was not justified." "Well, again I explained that I felt her arrest and detention at that particular time was not justified; that this offense, if there was an offense, had occurred would constitute petty larceny." "I told him that the essential element of the offense necessary to clearly establish intent, you have to establish the person intended to permanently deprive the owner of the property and that also that the taking must be with criminal intent and if it was not, if the taking was in good faith or a mistake, it did not constitute larceny." "I told him that based upon the information furnished that an offense had not been in fact committed." "I told her certainly the circumstances did not fall within the purview of the shoplifting statute and that if at all an offense had been committed, it would have been petty larceny and, therefore, our officers would have the right to make the arrest directly." This is a sampling of what was presented before the jury thru this police officer who was not qualified as an expert witness and was admitted on the basis that it was merely *829 what he had told someone just after the detention of the Appellee but the court did not caution the jury that that was the purpose for which it was admitted nor did it instruct the jury concerning any limitations that might be placed on it. It is noted that the police officer continued to testify in this same vein.
The Appellee argues this testimony was offered to show malice on the part of the Appellants and not for the purpose of showing a lack of probable cause for the imprisonment and prosecution. If it was asked and answered once we might agree or at least call it harmless error. But the way it was repeatedly hammered in leads us to believe the purpose was other than to show malice only. Since the court gave no limiting instruction concerning the testimony of the police officer the problem was not cured.
The testimony of the police officer should not have been admitted in the first place without a limiting instruction because he was not qualified as an expert in regard to questions of law and should not have been permitted to tell the jury his opinion of the law. Also he should not have been allowed to testify as he did without a limiting instruction and a limit on the number of times he repeated himself, because his testimony ultimately invaded the jury's province. As to the invasion of the jury's province see Smaglick v. Jersey Insurance Company of New York, 209 So.2d 475 (Fla. 4th DCA 1968); Johnson v. State, 314 So.2d 248 (Fla. 1st DCA 1975) and Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla.2d DCA 1961); and as to opinion testimony see Mach v. Mayo, 80 Fla. 372, 86 So. 222 (1920).
Reversed and remanded for a new trial.
ANSTEAD and LETTS, JJ., concur.