DAUKSCH, Judge.
Petition for Writ of Certiorari to the Circuit Court 15th Circuit is granted and we review the Order of that court compelling discovery.
This matter began below with the filing of a Complaint alleging injury by defamation and assault and battery. Compensatory and punitive damages are sought.
The parties come to us during the discovery stages of the proceedings after the Defendant was required to produce his income tax returns, all financial statements, and all bank books and accounts; all for the years 1973, 1974 and 1975. Further, the Defendant was required to answer in excess of one hundred interrogatories, all relating to his financial affairs except one asking for names of witnesses and another asking the names of persons who assisted him in *664 preparation of the answers to interrogatories.
Since punitive damages are sought, evidence of the Defendant’s present financial worth is admissible at trial and therefore discoverable. Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). We see no relevant reason for discovery of his financial worth one, two or three years before or after the trial as the interrogatories are seeking.
A properly authenticated financial statement is sufficient proper evidence. Tallahassee Democrat, Inc. v. Pogue, 280 So.2d 512 (Fla.1st DCA 1973). Income tax returns are not. Id. See also Spencer Ladd’s, Inc. v. Lehman, 167 So.2d 731 (Fla.1st DCA 1964), affirmed in 182 So.2d 402 (Fla.1965).
The Order requiring production is quashed except as to the financial statements which have been furnished. The Order denying objections is affirmed as to the question in regard to “name and address of each person who has knowledge of any relevant facts concerning” the litigation and quashed as to all other questions.
MAGER, C. J., concurs.
CROSS, J., concurs only in conclusion.