472 So.2d 880 (1985)
George E. PAPCUN, et al., Appellants,
v.
PIGGY BAG DISCOUNT SOUVENIRS, FOOD & GAS CORPORATION, a Florida Corporation and Young Jun, Appellees.
No. 84-837.
District Court of Appeal of Florida, Fifth District.
July 18, 1985.
Paul H. Bowen of Swann & Haddock, P.A., Orlando, for appellants.
Jack R. Leonard, Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellants George E. Papcun, Roberta E. Papcun, Eleanor Cossaboon and Begco, Inc., appeal from a final order granting appellees, Piggy Bag Discount Souvenirs, Food & Gas Corporation and Young Jun, a new trial.
Piggy Bag filed suit against appellants alleging default on two promissory notes. Attached to the complaint were the promissory notes which had been executed by appellants to Piggy Bag. It was alleged that $54,509 was due under the first note *881 and $33,364.39 was due under the second note.
Appellants answered and filed counter-claims alleging fraud concerning the sale of the businesses which gave rise to the promissory notes. By amended counter-claim, appellants added Young Jun as a third party defendant and alleged that as principal of Piggy Bag he had made false representations to induce them to purchase the businesses. Following trial, the jury returned a special verdict finding that there was a total failure of consideration and that appellees were guilty of fraud. The jury awarded appellants $80,000 in compensatory damages and $220,000 in punitive damages on their counterclaim and third party complaint.
The trial court granted appellees' motion for a new trial on the basis that: (1) the verdict form was defective in that it permitted the jury to determine that there had been a total failure of consideration when the evidence revealed that appellants had received some consideration, and (2) there was insufficient evidence as to the net worth of appellees so that the amount of punitive damages was so excessive as to shock the court's conscience.
A motion for new trial is directed to the sound, broad discretion of the trial judge and his ruling thereon should not be disturbed absent a clear showing of abuse. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). If reasonable men could differ as to the propriety of the action taken by the trial court then there is no abuse of discretion. Ford Motor Co. v. Kikis. The trial judge is in the best position to determine the processes by which the ultimate decision of the jurors is reached and it is his duty to grant a new trial where either the verdict is against the manifest weight of the evidence, the jury has been deceived as to the force and credibility of the evidence, or the jury has been influenced by considerations outside the record. Cloud v. Fallis, 110 So.2d at 673. Conversely, a trial judge must not permit himself to become a seventh juror. Laskey v. Smith, 239 So.2d 13 (Fla. 1970).
As to the first ground, the trial court was correct in ruling that the jury's finding of no consideration was against the manifest weight of the evidence. (There was no dispute that appellants had received $33,000 in inventory.) The problem, however, is that the jury went on to find that appellees had defrauded appellants in the execution of the notes. This finding is amply supported by the evidence and is independent of the erroneous finding so as to support both a verdict on the notes in favor of appellants and an award for compensatory damages. See Gould v. National Bank of Florida, 421 So.2d 798 (Fla. 3d DCA 1982); Kaplan v. Ciavarella, 349 So.2d 700 (Fla. 4th DCA 1977) (both holding that a trial court errs in ordering a new trial where there is a theory of law upon which the jury could have lawfully reached its verdict).
Appellees, however, argue that the special verdict form was defective in that, by including the complete failure of consideration issue first, it "invited" the jury to find in favor of the appellants from the outset and tainted any further findings. This argument is without merit. First, the record reveals no objection by appellees to the verdict form on this ground, nor on the ground that the form did not explicitly differentiate between the affirmative defense of fraud and the counterclaim and third party complaint for fraud.[1] It is well established that a failure to object to a verdict form regarding defects not of a constitutional or fundamental character constitutes a waiver of such defects. Gould v. National Bank, 421 So.2d at 802; Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981). Second, it is unclear how the jury's erroneous finding on the first question tainted all of its further findings. The jury *882 apparently misunderstood what a complete failure of consideration means from a legal standpoint, but its finding of fraud is independent of such finding and is supported by competent, substantial evidence. In sum, it appears that the erroneous finding on the consideration issue amounts to nothing more than harmless error and does not support reversal of the verdict as to appellees' action on the notes or as to the award to appellants of compensatory damages on their counterclaim and third party complaint.
The remaining question is whether the trial court erred in granting a new trial on the punitive damages issue[2] because there was insufficient evidence of the net worth of appellees. Proof of net worth of a defendant, while admissible, is not a prerequisite to an award of punitive damages. Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975). In Rinaldi, the court succinctly set down the principle:
[E]vidence of financial worth is admissible and may be considered by the jury in its determination of the amount to be awarded as punitive damages, but evidence of worth is not a requisite to such award. If defendant's financial worth is meager, it would be to his advantage to introduce such evidence in order to mitigate the damage award.
314 So.2d at 765.
To preserve his right to contend on appeal that an award of punitive damages is excessive, it is incumbent on the defendant to introduce evidence of his net worth, if evidence has not been introduced by plaintiff, and in the absence of such evidence an appellate court cannot say that an award of punitive damages is excessive in that it would bankrupt the defendant. Bould v. Touchette, 349 So.2d at 1187; Louisville & Nashville R. Co. v. Hickman, 445 So.2d 1023, 1028 (Fla. 1st DCA 1983).
Here, appellees admit that the record is devoid of any evidence of their net worth. There was evidence that Jun owned property in New York and also that he had been forced to borrow money to keep up on various loans. However, appellees failed to adduce evidence from which a finding of excessiveness could be predicated.
For the reasons discussed above, we reverse the order granting a new trial and remand for the entry of a judgment on the verdict.
REVERSED and REMANDED for judgment on the verdict.
ORFINGER, J., and HAMMOND, K.C., Associate Judge, concur.
NOTES
[1] The only objection on the record to the verdict form was appellees' claim that it was defective on the partial failure of consideration alternative because it did not provide how any offset was to be allocated between the two notes.
[2] Under Florida Rule of Civil Procedure 1.530(a), a new trial may be granted on all or a part of the issues in the case.