524 So.2d 714 (1988)
Harry D. HOCKENSMITH and Phillips, McFarland, Gould & Wagstaff, P.A., Appellants,
v.
John I. WAXLER and Mary J. Waxler, His Wife, Appellees.
No. 87-1408.
District Court of Appeal of Florida, Second District.
May 6, 1988.
*715 Charles M. Phillips, Jr., Clearwater, for appellants.
Malcolm V. McKay of McKay & Thomas, P.A., Tampa, for appellees.
THREADGILL, Judge.
Appellants, Harry D. Hockensmith and the law firm of Phillips, McFarland, Gould and Wagstaff, P.A., defendants below, appeal a jury award of compensatory and punitive damages in favor of appellees in an action for fraud and failure to deliver a correct warranty deed. Several points on appeal were raised by the appellants. We find merit only in the law firm's argument that the trial court erred in denying its motion for remittitur or new trial on the award of punitive damages.
The law firm argues that the amount of punitive damages greatly exceeds its net worth and should be reduced or that a new trial should be ordered. We agree. The firm presented unrebutted evidence at trial, that its net worth was $67,400. The appellees presented no evidence of the firm's financial worth. The jury awarded $250,000 in punitive damages against the firm.
It is clear that the appellees are not required to offer evidence of the firm's ability to pay an award, Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975), and the amount of punitive damages is generally within the province of the jury. Florida East Coast Railway Co. v. Morgan, 213 So.2d 632 (Fla. 3d DCA 1968). However, punitive damages may not be assessed in an amount which will clearly bankrupt or destroy a defendant. Arab Termite & Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982), on remand, 422 So.2d 922 (Fla. 2d DCA 1982). In this case, the award of punitive damages greatly exceeded the firm's net worth. Therefore, the denial of the motion for remittitur was error.
Accordingly, we remand for remittitur of punitive damages. In the event remittitur of punitive damages is rejected, we reverse and remand for new trial on the issue of the amount of punitive damages. Smith v. Telophase, 471 So.2d 163 (Fla. 2d DCA 1985); 3 Fla.Jur.2d, Appellate Review, § 354. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part.
DANAHY, C.J., and RYDER, J., concur.