526 So.2d 185 (1988)
Thomas S. EVERING, Appellant,
v.
Ollie M. SMITHWICK, M.D. and Ollie M. Smithwick, M.D., P.A., Appellees.
Nos. 86-3069, 87-136.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Margol, Fyrefield & Pennington and Rufus Pennington and Scott Fortune, Jacksonville, Thomas J. Morgan, for appellant.
Steven R. Berger, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Thomas S. Evering appeals the trial court's order granting a new trial on the issue of damages. We reverse.
Evering was injured when his automobile was struck from behind by a vehicle driven by Dr. Ollie Smithwick and owned by Ollie Smithwick, M.D., P.A. (PA). Smithwick failed sobriety tests at the scene of the accident, and his blood alcohol level was 0.15. He had a bottle of vodka in the car with him which he tossed into nearby woods after the accident. Evering sued both Smithwick and the PA. At trial Evering presented a number of experts who opined that he suffered permanent impairment resulting from ligamental damage to the cervical spine. Other experts gave opinions concerning Evering's future earning ability. Evidence of Smithwick's and his PA's financial condition was presented. The PA established that its gross income had decreased from $196,696 in 1984 to $139,129 in 1985. Smithwick's personal income had also decreased during the same period from $72,000 to $24,000. A statement of the net worth of the PA was presented at trial; however, no such statement was ever produced for Smithwick despite a request from Evering. The trial court refused Evering's request for separate punitive damage verdict forms for Smithwick and the PA. The jury returned a verdict of $150,000 in compensatory damages and $85,000 in punitive damages. The *186 trial court granted the defendants' motion for remittitur, reducing the award to $100,000 and $25,000 respectively. Evering rejected the reduced award, and the trial court ordered a new trial on the issue of damages.
Evering contends that the trial judge abused his discretion when he reduced the compensatory and punitive damages awards. He argues that there was sufficient evidence to support the compensatory award and that the punitive award was not legally excessive.
A new trial was ordered on the ground that the damage awards were excessive. Thus, we look to the order of remittitur to determine whether the trial judge abused his discretion in ordering a new trial. Before a trial court may order a remittitur, the record must affirmatively show the impropriety of the verdict, or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986); Wackenhut Corp. v. Canty, 359 So.2d 430, 434 (Fla. 1978); Laskey v. Smith, 239 So.2d 13, 14 (Fla. 1970). The amount of the excess must be readily apparent from the record. Wackenhut, 359 So.2d at 434, citing De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339 (1926).
In the order for remittitur the trial judge stated that the award for compensatory damages:
exceeds a reasonable range based upon the evidence that Thomas Evering will require no future medical treatment and that the jury speculated as to the future lost wages where there was little evidence presented that Thomas Evering will not continue to be employed at substantially the same wage he earned prior to the accident.
Looking to the record we find that there was evidence that Evering suffered a permanent and disabling neck injury as a result of the rear-end collision and a resultant loss of earning capacity. At the time of the accident Evering was head cook at a nursing home earning $6.10 an hour. Because he was required to lift pots, pans, and stock items, the injury to his neck and spine hindered his job performance. A vocational rehabilitation analysis concluded that Evering would be best suited for a sedentary job. Based on this report, it was estimated that Evering's loss of earning capacity projected over a future life expectancy of 44.7 years was between $139,639 to $351,325. Additional evidence was presented estimating the value of Evering's loss of personal services at $81,657.
Considering that the most conservative estimate for loss of earning capacity was $139,639, it was not unreasonable for the jury to award $150,000 as compensation for Evering's injuries. Clearly, when the trial judge reduced the award from $150,000 to $100,000 he improperly acted as a seventh juror, substituting his opinion for that of the jury. See Ashcroft, 492 So.2d at 1313-1314. Because there was sufficient evidence to support the jury's compensatory damage award, it was error for the trial judge to reduce the award.
The award for punitive damages is also sustainable. The trial judge stated that the punitive damage verdict was excessive because it bore no reasonable relationship to the defendant's ability to pay. While a punitive damage award entered against a party should not cause bankruptcy, Lehman v. Spencer Ladd's, Inc., 182 So.2d 402 (Fla. 1965), it is incumbent upon the party against whom the award is being sought to present evidence of net worth so that a jury might be prevented from assessing an unusually harsh penalty, Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975); Papcun v. Piggy Bag Discount Souvenirs, Food & Gas Corp., 472 So.2d 880 (Fla. 5th DCA 1985).
As a result of the trial court's decision to include both Smithwick and the PA on the same punitive damage verdict form,[1] the *187 two-issue rule applies and there must be evidence that the award was excessive as to both before it can be overturned. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977). The record contains evidence as to the present income of both appellees and the net worth of the PA; however, there is no information regarding Smithwick's net worth. It is incumbent on the defendant to introduce evidence of his net worth in order to preserve his right to contend that the award was excessive. Bould v. Touchette, 349 So.2d 1181, 1187 (Fla. 1977); Papcun, 472 So.2d at 882. Consequently, there is no evidence in the record to substantiate the claim that the punitive damage award would bankrupt both appellees, so the award must be sustained.
Accordingly, the order granting a new trial is reversed. The cause is remanded with instructions to reinstate the jury verdicts and enter judgment for Evering. Our holding here renders the cross-appeal moot.
NOTES
[1] The defendants do not argue that the trial court erred in denying the request for separate punitive damage verdict forms for Smithwick and the PA. In fact, they argued against the use of separate verdict forms when Evering implored the trial court to submit distinct forms. See Thomas v. Fowler, 414 So.2d 215 (Fla. 4th DCA 1982) (verdict form affirmed where appellant specifically agreed to its use); Tidwell v. Toca, 362 So.2d 85 (Fla. 3d DCA 1978) (party's failure to object to verdict form at trial prevents review of form on appeal), cert. denied, 368 So.2d 1375 (Fla. 1979). Consequently, the issue was not preserved for review and is not before this court.