526 So.2d 766 (1988)
NATIONAL FOUNDATION LIFE INSURANCE COMPANY, Appellant/Appellee,
v.
James E. WELLINGTON and Mary G. Wellington, Appellees/Appellants.
Nos. 87-405, 87-938.
District Court of Appeal of Florida, Third District.
June 14, 1988.
Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent and James O. Davis, III, Tampa, for appellant/appellee.
*767 Tew, Jorden & Schulte and W. Barry Blum and Melanie S. Cherdack, Miami, for appellees/appellants.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The defendant National Foundation Life Insurance Company appeals from a final judgment, entered upon a special interrogatory jury verdict; the plaintiffs, in turn, appeal from an attorney's fee award entered in their favor which they assert as being inadequate. We affirm both the final judgment and the attorney's fee order based on the following briefly stated legal analysis.
First, we reject the defendant's sole point on appeal that the trial court should have entered judgment in its favor based on the special interrogatory verdict. The jury found that the defendant had breached its agreement with the plaintiffs by failing to withdraw, as agreed, monies from the plaintiff James Wellington's bank account to pay for the insurance premiums on the subject insurance policy. This being so, there was clearly insurance coverage for the plaintiff Mary Wellington on the subject insurance policy because, without dispute, the sole basis for the defendant's denial of coverage was nonpayment of the required insurance premiums; accordingly, the trial court properly entered judgment for the plaintiffs. See Equitable Life Assurance Soc'y v. Mittelhauser, 130 Fla. 794, 178 So. 559, 562 (1937); cf. Travelers Indem. Co. v. Dana, 434 So.2d 48 (Fla. 3d DCA 1983); Crawford v. DiMicco, 216 So.2d 769, 774 (Fla. 4th DCA 1968). See generally 31 Fla.Jur.2d Insurance § 654 (1981).
Second, we have not overlooked the jury's further finding that the defendant properly cancelled the policy. This finding, however, rejected an alternative theory for insurance coverage urged by the plaintiffs  namely, that the defendant had never billed the plaintiffs for the insurance premiums owed, or, if it did, there was confusion over how the premium was to be paid, and, therefore, the insurance policy would not be properly cancelled for nonpayment of premium. This finding does not conflict with the jury's acceptance of the plaintiff's first theory of insurance coverage, namely, that the policy was never in default in the first place. We reject the defendant's argument that the jury's findings, although consistent, compelled an entry of judgment for the defendant. See Papcun v. Piggy Bag Discount Souvenirs, Food & Gas Corp., 472 So.2d 880, 881 (Fla. 5th DCA 1985); Gould v. National Bank of Fla., 421 So.2d 798, 802 (Fla. 3d DCA 1982).
Finally, we reject the plaintiffs' contention that the trial court committed reversible error in refusing to apply a contingency risk multiplier in calculating the award of attorney's fees in their favor under Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151-52 (Fla. 1985). No abuse of discretion has been shown on this record in the trial court's determination that such a multiplier should not be used in this case. We do not read Rowe to compel a trial court to apply such a multiplier factor simply because the prevailing party and his attorney have, as here, entered into a contingency fee contract. See Jordan v. Multnomah Co., 815 F.2d 1258, 1264 (9th Cir.1987) (affirmance of lower court refusal to apply multiplier because party failed to carry their burden of justifying entitlement to an upward adjustment); Bennett v. Central Tel. Co., 619 F. Supp. 640, 653 (N.D.Ill. 1985); Cherry v. Rockdale County, 601 F. Supp. 78, 80-81 (N.D.Ga. 1984); cf. Travelers Indem. Co. v. Sotolongo, 513 So.2d 1384, 1385 (Fla. 3d DCA 1987) (Rowe does not require use of a multiplier in every case where success is unlikely.).
Affirmed.