545 So.2d 497 (1989)
Robert SUTTER, Appellant,
v.
Sister Sheila HAMMOND, a Catholic Nun, by and through Barbara Hammond Sutter, Trustee, Barbara Hammond Sutter, Individually, and First National in Palm Beach, a Division of Southeast Bank, N.A., Appellees.
No. 87-2755.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
*498 Charles A. Nugent, Jr., of Cone, Wagner, Nugent, Johnson, Roth and Romano, P.A., West Palm Beach, for appellant.
F. Gregory Barnhart of Montgomery, Searcy & Denney, P.A., West Palm Beach, for appellee-Sister Sheila Hammond, Trustee.
Robert G. Post of Alex Hofrichter, P.A., Miami, for appellee-First Nat. in Palm Beach.
PER CURIAM.
In this appeal, the appellant contends that the punitive damage award of $4.5 million is clearly excessive in light of the evidence presented as to the appellant's financial status. Having reviewed the record submitted by the appellant, and the portions designated by the appellee with which appellant has provided the court, it is clear that an award of $4.5 million is greatly in excess of any measure of value of appellant's financial ability in this case. Punitive damages may not be assessed in an amount which will bankrupt or destroy the appellant. Arab Termite and Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982); Hockensmith v. Waxler, 524 So.2d 714 (Fla. 2d DCA 1988).
However, rather than ordering a new trial, it is appropriate to consider a remittitur. Since the trial court judge is much more familiar with this case than we are, we remand to the trial court to enter an appropriate amount of remittitur. If, after reviewing this case, the trial court determines that it is impossible to determine an appropriate amount of remittitur, then he is directed to order a new trial on the issue of punitive damages. See University Community Hospital v. Martin, 328 So.2d 858 (Fla. 2d DCA 1976).
ANSTEAD, GUNTHER and WARNER, JJ., concur.