THREADGILL, Judge.
Michael and Elizabeth Ricci, plaintiffs in an automobile negligence action, appeal various rulings of the trial court issued before and during the jury trial. We find that the court erred in dismissing the claim for punitive damages against Appellee Ivan Glenn Thompson, the driver of the other automobile, and remand for a new trial on this issue.
On October 1, 1981, Thompson, while driving a 1971 Chevrolet owned by Appel-lees Rudolph and Alice Back, struck the rear of the Ricci vehicle which was properly stopped at a traffic signal. Thompson had a blood alcohol content of .33 percent, and subsequently pled guilty to a charge of driving under the influence of intoxicants.
The Riccis sought compensatory and punitive damages from Thompson and the Backs. The trial court properly dismissed the punitive damages claim against the Backs which was based on a theory of negligent entrustment.
Just prior to trial Thompson admitted liability. He moved in limine to exclude all evidence of his intoxication, contending that such evidence was irrelevant and highly prejudicial since he had admitted liability. Thompson also filed an affidavit which indicated that he did not have the financial ability to pay any punitive damages. The trial court agreed that the evidence would be highly prejudicial and, because the affidavit indicated that any award of punitive damages would have to be remitted to virtually nothing, granted the motion to exclude.
We find the trial court erred in excluding the evidence of intoxication. A plaintiff is not required to show that a defendant has the ability to pay a punitive award as a prerequisite for presenting a claim for punitive damages to the jury. Where a punitive award would bankrupt a defendant, the proper remedy is remittitur. Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975); Hockensmith, v. Waxier, 524 So.2d 714 (Fla. 2d DCA 1988). While Thompson correctly argues that the trial court did not find punitive damages unavailable as a matter of law, the exclusion had the effect of removing any basis on which the jury could award punitive damages.
The error cannot be considered harmless. Because the jury verdict was only $185 less than that needed to avoid the appellee’s offer of judgment, the Riccis are now liable for certain costs and attorney fees of the appellees. Even a small award of punitive damages, though uncollectible, could possibly shield the Riccis from this exposure.
The Riccis also argue that the trial court misinterpreted the collateral source rules resulting in the jury deducting $10,000 from the compensatory award given each of them. However, because the Riccis *1156 have not provided us with a sufficient record, or even a stipulated statement of facts on this point, we cannot evaluate the contentions of error, and must presume the court’s decision on this matter was proper. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Kirchinger v. Kirchinger, 546 So.2d 86 (Fla. 2d DCA 1989); Fla.R.App.P. 9.200(b)(4). We also think it entirely feasible that the jury may have deducted certain amounts from the compensatory award because it found that not all of the Riccis’ chiropractic treatments were reasonable and necessary.
We have considered the Riccis’ remaining points on appeal and find them to be without merit. Therefore, we reverse the order of the trial court which excluded evidence of Thompson’s intoxication and remand for a new trial on the issue of punitive damages against Thompson. In all other respects the final judgment is affirmed.
Reversed in part; affirmed in part.
SCHEB, A.C.J., and ALTENBERND, J., concur.