PER CURIAM.
Don and Virginia Foley appeal from an order of the trial court requiring a remit-titur of the jury verdict entered in their favor following a trial on their products liability claim against Outboard Marine. They allege as additional errors the directed verdict on punitive damages entered in favor of Outboard Marine at the close of their case and the denial of their motion to conduct discovery into the existence of similar accidents involving Outboard Marine lawnmowers. We affirm in part and reverse in part.
Don Foley sustained a serious foot injury when he slipped while cutting his grass and caught his foot in the blade of the mower. The jury awarded the Foleys $200,000 and found Don Foley to have been 50 percent-comparatively negligent. The trial court entered an order of remittitur reducing the award to $100,000, to be further reduced by the 50 percent comparative negligence.
The purpose of a remittitur is solely to reduce a jury verdict where “liability clearly exists but the total dollar amount of damages is merely excessive.” Rowlands v. Signal Construction Co., 549 So.2d 1380, 1382 (Fla.1989). Before a trial court may order a remittitur, the record must affirmatively show the impropriety of the verdict, or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record. The amount of the excess must be readily apparent from the record. Evering v. Smithwick, 526 So.2d 185, 186 (Fla. 3d DCA 1988).
We have carefully reviewed both the record before us and the grounds asserted by the trial judge for the remittitur and conclude that the court erred in reducing the jury verdict. The award and the percentage of comparative fault were consistent with the evidence, were not excessive and there was no reasonable basis for the court to conclude otherwise. We find that the trial court impermissibly substituted his judgment for that of the triers of fact. Oakes v. Pittsburgh Corning Corp., 546 So.2d 427 (Fla. 3d DCA 1989).
 We find no error, however, in the trial court’s rulings with regard to the pu *120 nitive damages issue or the discovery question. This case clearly did not fall within the standards for punitive damages as set out in Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla.1986) and Jeep Corp. v. Walker, 528 So.2d 1203 (Fla. 4th DCA 1986). Since Outboard Marine conceded the issues of notice and foreseeability, there was no abuse of discretion in not permitting the Foleys to have unfettered discovery into past similar accidents because these issues were no longer relevant. See generally Lasar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); 4 Florida Torts § 131.02(2) (Matthew Bender & Co.1990).
We remand this case to the trial court with directions that the jury verdict, with the comparative negligence percentage, be reinstated. The cause is, in all other regards, affirmed.