707 So.2d 374 (1998)
Neal BROOKS, Jr., Appellant,
v.
Alfredo RIOS, personal representative of the estate of Nora Q. Rios, deceased, Appellee.
No. 97-850.
District Court of Appeal of Florida, Third District.
February 18, 1998.
Rehearing Denied April 1, 1998.
*375 George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Ft. Lauderdale, for appellant.
Arnold R. Ginsberg, Miami; Jon W. Burke, Miami, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Neal Brooks, Jr. appeals an adverse final judgment entered pursuant to a jury verdict in a wrongful death action and an order denying his motions for new trial and remittitur for the punitive damages award. We affirm.
Appellee, Alfredo Rios, a plaintiff below, is the surviving husband and personal representative of the estate of Nora Q. Rios.[1] Rios filed a wrongful death action against Brooks and two other defendants, not parties to this appeal, for damages stemming from a May 26, 1993 automobile accident which claimed the life of his then twenty-five year old wife, Nora. It was alleged that Brooks negligently ran a stop-sign and struck the car in which Rios was driving and Nora was a passenger. The plaintiff subsequently sought and was granted leave to amend the complaint to include a claim for punitive damages against Brooks by virtue of his being under the influence of alcohol at the time of the accident. Just prior to trial, Brooks admitted liability and the trial proceeded against him solely on the issues of the plaintiffs' comparative negligence and damages. The jury returned its verdict finding the appellees not to be comparatively negligent and awarding them compensatory damages in the sum of $9,000,000.00 and punitive damages in the amount of $300,000.00. After the verdict, Brooks filed motions for a new trial, judgment notwithstanding the verdict and for remittitur of both the compensatory and punitive damage awards. All of these motions were denied by the lower court. This appeal followed and there is one issue remaining on appeal.[2]
Brooks argues that the lower court reversibly erred in denying his motion for remittitur of the $300,000.00 punitive damages award as excessive. Brooks asserts that he has a negative net worth and the punitive damages award would therefore bankrupt him. In support of their claim for punitive damages at the trial below in December 1996, the appellees introduced the following evidence: (1) a copy of a 1990 quitclaim deed which deeded forty acres of lime groves to Brooks; (2) a certified financial statement dated March 1993, placing Brooks' net worth at $528,000.00; and (3) a copy of a January 1994 trust statement, to which Brooks is a beneficiary, indicating a balance of $194,342.00 in the trust. Brooks, on the other hand, introduced the following: (1) his 1994 income tax return indicating a gross income of $17,791.00; (2) his 1995 income tax return indicating a gross income of $35,929.00; (3) a receipt indicating that Brooks received $67,000.00 as a future advance on a loan; and (4) his complaint for declaratory relief and damages against his health care insurers for their failure to cover his medical expenses after the accident with the appellees.
Where a punitive damage award bears no relation to the defendant's ability to pay the same and results in economic castigation, it is certainly true that the courts may deem such an award to be excessive. See Albritton v. Gandy, 531 So.2d 381, 390 (Fla. 1st DCA 1988) (citing Wackenhut Corp. v. Canty, 359 So.2d 430, 436 (Fla.1978)). While a punitive damage award should be painful enough to provide some retribution and deterrence, it should not be in an amount which will financially destroy or bankrupt the defendant. See Arab Termite & Pest Control, Inc. v. Jenkins, 409 So.2d 1039, 1043 *376 (Fla.1982); Sutter v. Hammond, 545 So.2d 497, 498 (Fla. 4th DCA 1989); Hockensmith v. Waxler, 524 So.2d 714, 715 (Fla. 2d DCA 1988); Smith v. Telophase Nat'l Cremation Soc'y, Inc., 471 So.2d 163, 170 (Fla. 2d DCA 1985); City Stores Co. v. Mazzaferro, 342 So.2d 827, 828 (Fla. 4th DCA 1977). Although evidence of a defendant's net worth (i.e., that amount by which assets exceed liabilities) is admissible and may be considered by the jury in its assessment of punitive damages, it is not a prerequisite for such an award. See Bould v. Touchette, 349 So.2d 1181, 1187 (Fla.1977); Rinaldi v. Aaron, 314 So.2d 762, 765 (Fla.1975). A defendant against whom punitive damages are sought, however, must present evidence as to his or her net worth at trial to preclude a jury from assessing an unduly harsh penalty, as well as to preserve his or her right to argue the excessiveness of the punitive award on appeal. See Bould, 349 So.2d at 1187; Turner v. Fitzsimmons, 673 So.2d 532, 536 (Fla. 1st DCA 1996); Rety v. Green, 546 So.2d 410, 421 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla.), and review denied sub nom. Southern Commodity Corp. v. Rety, 553 So.2d 1166 (Fla.1989); Albritton, 531 So.2d at 390; Evering v. Smithwick, 526 So.2d 185, 186-87 (Fla. 3d DCA 1988); Papcun v. Piggy Bag Discount Souvenirs Food & Gas Corp., 472 So.2d 880, 882 (Fla. 5th DCA 1985). In the absence of sufficient evidence as to a defendant's net worth, an appellate court cannot say that an award is excessive. See Bould, 349 So.2d at 1187; Albritton, 531 So.2d at 390-91; Evering, 526 So.2d at 187; Papcun, 472 So.2d at 882.
Although the appellees adduced evidence that Brooks' had a positive net worth of about $528,000.00, approximately three and one half years prior to the trial, we do not believe that the evidence adduced by Brooks was sufficient for the jury (or us) to assess or establish his net worth at the time of trial below. See Evering, 526 So.2d at 187 (finding evidence of defendant's present yearly income insufficient evidence to prove net worth). Consequently, we are not in a position to conclusively determine that the punitive damage award is excessive and will bankrupt Brooks, as he maintains on appeal.
For all of these reasons, we affirm the final judgment and order under review.
Affirmed.
NOTES
[1] The suit was filed also on behalf of the couple's four young children.
[2] After oral argument, this court learned that the parties had reached a settlement which rendered the other appellate issue moot.