159 So.2d 267 (1963)
Martin M. KELLENBERGER, Petitioner,
v.
Peter A.B. WIDENER, III, and M.E. Barnett, Respondents.
No. 4230.
District Court of Appeal of Florida. Second District.
December 11, 1963.
Rehearing Denied January 21, 1964.
Charles A. Nugent, Jr., of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, and Hauser & Reed, Deerfield Beach, for petitioner.
Coe, Richardson & Broberg, Palm Beach, and Bedell, Bedell & Dittmar, Jacksonville, for respondent Peter A.B. Widener, III.
*268 Edward W. Starr, West Palm Beach, for respondent M.E. Barnett.
SHANNON, Judge.
Martin M. Kellenberger has filed a petition for writ of certiorari to review an order of the Circuit Court for Palm Beach County. It appears from the petition that Kellenberger is suing the respondents for damages and has set forth allegations of fact which he claims will sustain a verdict for punitive and exemplary damages. The record shows that petitioner propounded two separate sets of interrogatories to the respondents, but that the court below entered an order dated May 15, 1963, sustaining the objections of Respondent Widener, and saying, in part:
"* * * [T]he Court is of the opinion that the objections of the defendant WIDENER should be sustained, in that they seek to inquire into the financial status of said defendant, and the weight of authority appears to be that, where there is more than one tort-feasor, the wealth or financial standing of one or more of the defendants is not porper [sic] for consideration by a jury in assessing punitive damages, in that it could result in unjust punishment by imposing a financial burden on a defendant less able to pay, the defendants being jointly and severally liable. * * "* * * [O]bjections of the defendants to said interrogatories are hereby sustained."
Among other grounds of objection to the interrogatories, Respondent Widener objected because "[t]he subject matter of the discovery sought may not be availed of in this action against two parties defendant."
Petitioner does not contend that the trial court acted without, or in excess of, its jurisdiction. Hence, the question here is whether the order fails to conform to the essential requirements of law, and if so, whether the order may cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate.
Since we find that the order does conform to the essential requirements of law, the latter part of the question becomes moot. Thus, the facts as shown do not, as a matter of law, entitle the petitioner to the writ of certiorari. It is not alleged in the amended complaint that there were other than the two named defendants. Since the common law rule applies in Florida that there is no right of contribution among joint tort-feasors (7 Fla.Jur., Contribution, Sec. 7), and since there is no provision in Florida by statute or rule for the award of separate or apportioned verdicts for damages against several joined defendants, the jury may return only a single verdict for punitive damages against both defendants. The law is: "Where the rule is not modified by statute, an assessment of damages in an action against joint tort-feasors must be for a lump sum against those found guilty and cannot be severally apportioned between them. * * *" 25 C.J.S. Damages, § 189c.
The majority rule is that evidence of a defendant's financial standing is inadmissible where the action is brought against two or more joint defendants. This rule is stated in 15 Am.Jur., Damages, Sec. 347, as follows:
"According to the weight of authority, where there are two or more defendants in a tort action, evidence of the wealth or financial standing of one or more of them is inadmissible and cannot be considered by the jury in assessing punitive damages. The authorities that uphold the rule proceed upon the theory that consideration of the individual wealth of one or more defendants would result in an unjust punishment and burden being imposed on defendants less able to pay, where they are all liable jointly. * * *"
This majority rule is repeated in an annotation at 63 A.L.R. 1405.
*269 In Washington Gaslight Co. v. Lansden, 1899, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543, the plaintiff recovered a verdict against a gas company, its secretary and its general manager for the publication of a libel; the plaintiff had sued for punitive as well as compensatory damages. The Supreme Court of the United States held that it was error to admit evidence as to the wealth of the company on the issue of punitive damages, saying:
"Punitive damages are damages beyond and above the amount which a plaintiff has really suffered, and they are awarded upon the theory that they are a punishment to the defendant, and not a mere matter of compensation for injuries sustained by plaintiff. While all defendants joined are liable for compensatory damages, there is no justice in allowing the recovery of punitive damages, in an action against several defendants, based upon evidence of the wealth and ability to pay such damages on the part of one of the defendants only. As the verdict must be for one sum against all defendants who are guilty, it seems to be plain that, when a plaintiff voluntarily joins several parties as defendants, he must be held to thereby waive any right to recover punitive damages against all, founded upon evidence of the ability of one of the several defendants to pay them. * * *"
In the instant case the action is against two defendants, but for the purpose of this decision it is necessary only to discuss the objections filed by Defendant Widener. This is made clear by the case of Schafer v. Ostmann, 1910, 148 Mo. App. 644, 129 S.W. 63, where the plaintiff had recovered compensatory and punitive damages against two individual defendants for assault and battery, but had introduced evidence as to the wealth of only one of the defendants. On appeal, the court held that it was error to admit evidence of the wealth of one defendant where the action had been brought against the defendants jointly, and quoted from Washington Gaslight Co. v. Lansden, supra. Therefore, on the objections of Widener to the interrogatories, the court below very properly held the interrogatories objectionable, and correctly held that the evidence would not be allowed in this case. Since Widener's objections and the order that we have quoted are directly concerned, although not so stated, as objections to the interrogatories propounded to Barnett, we think, and so hold, that the petition for writ of certiorari should be denied.
The petition for writ of certiorari is denied.
SMITH, C.J., and ALLEN, J., concur.