182 So.2d 402 (1965)
Robert E. LEHMAN, Gov-Co of Jacksonville, Inc., a corporation, d/b/a "Met", Petitioners,
v.
SPENCER LADD'S, INC., a corporation, Respondent.
No. 33887.
Supreme Court of Florida.
November 3, 1965.
Rehearing Denied January 19, 1966.
*403 Phillips & McFarland, Clearwater, for petitioners.
Thames & McCollum, Jacksonville, for respondent.
O'CONNELL, Justice.
In this petition for certiorari on conflict theory, the petitioners seek quashal of that decision of the District Court of Appeal, First District, reported as Spencer Ladd's, Inc. v. Lehman, Fla.App. 1964, 167 So.2d 731. As expressly admitted in the decision under attack, it is in conflict with the decision of the District Court of Appeal, Second District, in Kellenberger v. Widener, Fla. App. 1964, 159 So.2d 267. There is no doubt that there is a conflict in decisions which we must resolve.
As explained in the factual statement in the district court's opinion in this cause, respondent, Ladd, sued the petitioners, Lehman and Gov-Co of Jacksonville, Inc., for compensatory and punitive damages. Following jury trial, at which evidence of the financial worth of both defendants  petitioners here  was introduced into evidence without objection by them, a verdict was rendered for Ladd's and against defendants-petitioners, jointly and severally, in the sum of $11,952 compensatory and $17,500 punitive damages.
On motion for new trial the trial court entered an order in which it alternatively ordered Ladd's to file a remittitur of the entire punitive damages or suffer a new trial. In that order the trial judge recited no ground for granting the new trial as required by Rule 2.8(f), F.R.C.P., 31 F.S.A. However, eleven days after entry of this first order the trial court, on its own motion and without having before it any timely filed motion of any kind, entered a second order repeating all of the contents of the first one and in addition stating as ground therefor that the court had erred in admitting evidence of the worth of the defendants, citing Kellenberger v. Widener, supra.
In the thorough and well written opinion, authored by Judge John Wigginton, the district court in this case in effect held, contrary to the holding in Kellenberger v. Widener, supra, that in an action for compensatory and punitive damages against more than one defendant it was permissible to allow the introduction of evidence of financial worth of any or all the defendants. We approve the district court's decision and reasoning on this issue. Because we do so it is unnecessary to discuss that issue further.
It is obvious that neither the so-called majority rule followed in Kellenberger, supra, nor the one we have approved in this case satisfies the demands for reasonable justice and equitable treatment in cases involving punitive damages against multiple defendants of different financial worth. As suggested by Judge Wigginton, in the opinion before us, the only practical and fair method of solving the patent inadequacies of either of the two views is a rule of practice and procedure making special verdicts as to punitive damages mandatory in such cases.
We think this suggestion is an excellent one. It is the intention of this Court to request The Florida Bar to consider the matter and to draft and present to this Court for its consideration a rule encompassing the recommendation of the district court. In the interim we do by this opinion prescribe that in all cases tried after the effective date of this opinion, and in which the element of punitive damages against joint tortfeasors is an issue for determination, a special or separate verdict shall be used for the assessment of punitive damages against each tortfeasor. Verdicts for compensatory damages shall continue as at *404 present to be joint and several. Judgments shall be entered in accord with the verdicts rendered.
This procedure, with the allowance of evidence of financial worth of the tortfeasors, will make possible the attainment of the objective and purpose of punitive damages, if a defensible one remains, i.e. punishment of each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt.
We turn now to one of the questions raised by respondent Ladd's cross-petition for certiorari. The other questions raised on cross-petition do not require decision.
In its opinion, the district court held that the trial court had the authority to amend his order granting new trial, as he did on his own motion eleven days after entry of the first such order. The first order was defective because it failed to recite the ground for granting the new trial. The district court, being of the view that the absence in the first order of the statement of the ground for new trial was an error "arising from oversight or omission," held the second order was an amendment of the first and properly entered. The district court felt that the trial court had authority to do this under Rule 1.38(a) F.R.C.P., 30 F.S.A.
The cross-petitioner contends that the omission of the ground for new trial is a judicial error, not a mere clerical misprision, and that it cannot be supplied after expiration of time for the trial court to act. It takes the position that Rule 1.38(a) has no application, but that under Rule 2.8 F.R.C.P. the trial court lost jurisdiction to correct the first order after expiration of ten days following its rendition.
The cross-petitioner Ladd is correct. The omission of the ground therefor in an order granting new trial has been repeatedly held to be basis for reversing such orders. Means v. Douglas, Fla.App. 1959, 110 So.2d 88; Fulton v. Poston Bridge & Iron, Inc., Fla.App. 1960, 122 So.2d 240; Morton v. Staples, et al., Fla.App. 1962, 141 So.2d 806; Hammett v. Lyte Line, Inc., Fla. 1963, 150 So.2d 235. Certainly, if the omission of the required ground for new trial was only a clerical error subject to correction under Rule 1.38(a) some mention of and resort to it would have been made in our cases reversing orders for this reason.
Whether the ground-stating requirement of Rule 2.8(f) F.R.C.P. is one that ought to be continued in our law and procedure we do not debate here. It is there. It is a matter of such substance that its omission has not been and cannot now be construed to be a mere clerical error or omission which can be corrected under Rule 1.38(a). This being the case, such omission may only be corrected in one of the methods authorized under Rule 2.8, i.e. (1) on or during the pendency of a timely motion to alter or amend, pursuant to Rule 2.8(g), or on any other timely filed and permissible motion, or (2) by the court on its own initiative during the time for filing such a motion. In this case there was no motion pending and the time for filing one had expired when the trial court entered the second order granting new trial.
Because of this we must quash that portion of the district court's opinion which holds the second order granting new trial to have been properly entered. However, this in no way affects the correctness of the district court's opinion on the principal issue decided therein.
For the reasons above expressed those portions of the opinion and decision of the district court pertaining to the introduction of financial worth of multiple defendants and the use of special verdicts in the assessment of punitive damages under circumstances such as found in this case are approved. That portion of the opinion and decision relating to the power of the trial judge to amend his order granting new trial *405 after the expiration of the time provided in Rule 2.8, F.R.C.P. is disapproved.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.