DREW, E. HARRIS (Ret.), Associate Judge.
Larry Brannon Carr sued Tilton Chester and Vera Chester, Miami Springs and its Chief of Police and City Clerk. His complaint was in four counts purporting to allege causes of action against said defendants jointly for (1) malicious prosecution, (2) negligence, (3) conspiracy, and (4) abuse of process. The jury returned two verdicts — the first finding for the plaintiff and awarding two thousand dollars compensatory damages and four thousand dollars punitive damages. This verdict was titled Larry Brannon Carr vs. Tilton L. Chester and Vera Chester. The second verdict was in favor of plaintiff for four thousand dollars damages and was titled Larry Brannon Carr v. The City of Miami Springs, Fla., a political subdivision of the State of Florida and E. C. Steffen, Chief of Police of the City of Miami Springs and Margaret H. Sanders, Clerk of the City of Miami Springs, Fla. At the conclusion of plaintiff’s case, defendants moved for a directed verdict for failure of the plaintiff to prove any cause of action against defendants, which motion was renewed after all evidence was presented. Both motions were denied by the trial judge. Post trial motions were also denied and separate judgments entered on each verdict. Appeals were taken from each judgment and both have been consolidated for appeal purposes.
The suit arose out of the following facts:
Tilton Chester, Miami Springs Building and Zoning Director, resided with his wife in a second floor apartment at 333 Cory Drive, Miami Springs. Their peace and quiet were “completely disrupted” by a barking, howling, yowling dog. They could see this dog, of a bluish-gray color, in a nearby yard at 352 Linwood Drive. The owner of the house seemed never to be at home, and Mr. Chester received no response on at least three occasions when he knocked on the door. The barking and howling continued. Mr. Chester believed this dog to be a “nuisance barker”. Having been told by police that Larry Carr was the owner, Chester swore out a warrant for Carr’s arrest. Carr was arrested, but charges were dismissed against' him when Chester, who had never seen Carr *186 before in his life, failed to identify him as the owner of the dog, named “Misty”.
After the jury had retired the foreman sent a note to the judge reading:
“Due to Mr. Chester’s confusion on the witness stand as to whether he acted as a private citizen or as a city official, would the City of Miami Springs necessarily be liable? We need clarification as to what constitutes an employers liability for the actions of an employee.”
On consideration of the request, and without objection, the court then charged the jury as follows:.
“An agent or employee is a person who is a person who is employed to act for another and whose actions are controlled by his employer or are subject to his employers right of control. An employer is responsible for the negligence of his agent or his employee if such negligence occurs while the agent or employee is performing services which he is employed to perform or while the agent or employee acting at least in part because of the desire to serve his employer, and is doing something that is reasonably incidental to his employment or something that the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.”
The injection of the question of negligence in this suit for malicious prosecution[1] even though at the time it was given no objection was made, so infected the trial that it would have to be returned for a new trial had the greater error of failure to prove a cause of action not occurred.
The identical question is discussed at length in the Wilson case[2] by the First District and the holding in Wilson on almost identical facts is controlling here. The jury’s question and the court’s reply (made and given at the time and under the circumstances disclosed), coupled with the verdict against the City and its two named officials, leave no doubt that the verdict was erroneously based on the theory that the City was liable for the negligence of its Building Inspector and other officials. On this point the First District in Wilson said:
“We are convinced that there exists no cause of action like that alleged here in that there is no legally-recognized cause of action for improperly swearing out an arrest warrant other than the old common law action of malicious prosecution.” 118 So.2d at 104.

“The public policy aspects of our holding on this appeal are easily apparent. On the one hand, surely citizens should be given some protection against the irresponsible instituting against them of civil or criminal proceedings by other persons, even law enforcement officers. See Melvin v. Pence, 1942, 76 U.S.App.D.C. 154, 130 F.2d 423, 143 A.L.R. 149. On the other hand, law enforcement and the protection of society from crime would likely be adversely affected if law enforcement agents were subject to liability in damages for simple negligence in the performance of their duties if the citizens they charge with crime should not be convicted. ... In any event, no sufficient reason appears why this time-honored requirement in malicious prosecution should be now discarded in *187 favor of an action of negligence, as here, for careless performance of duty and failure to make due inquiry, without a showing of malice and want of probable cause.” 118 So.2d at 105.
The above error, as we have observed above, would under ordinary circumstances require a reversal for a new trial, but our examination of the evidence introduced at the trial convinces us that it is legally insufficient to support the judgments[3] appealed from and that a new trial in this case is wholly unjustifiable.
The record here is devoid of competent evidence to establish the absence of probable cause or the presence of malice, two essentials to the recovery of damages for malicious prosecution.[4] The verdicts of the jury can only be explained by the erroneous consideration of the question of negligence. The defendant’s motion for a directed verdict, timely made, and renewed after all the evidence was in should have been granted. The trial court was in error in failing to do so.
The question of whether the separate verdicts of the jury are violative of the rule that separate verdicts may not be returned against joint tort-feasors [5] is preter-mití ed due to our conclusion that the judgments appealed from are erroneous.
Reversed and remanded with directions to vacate the judgments appealed and enter judgment for the defendants.
It is so ordered.

. As we read the record the suit was tried on Count 1 of the Complaint (malicious prosecution). There was an apparent abandonment of the other counts. In any event, the proof offered was not germane to any other count.

. Wilson v. O’Neal, 118 So.2d 101 (Fla.App. 1st 1960). Appeal dismissed 123 So.2d 677 (Fla.). Cert. denied 365 U.S. 850, 81 S.Ct. 813, 5 L.Ed.2d 814.

. Kellenberger v. Widener, 159 So.2d 267 (Fla.App.2d 1963).

. Dunnavant v. State, 46 So.2d 871 (Fla.1950); Goldstein v. Sabella, 88 So.2d 910 (Fla.1956); Thompson v. Taylor, 183 So.2d 16 (Fla.App.1st 1966); Clements v. Eastern Airlines, Inc., 183 So.2d 264 (Fla.App.3d 1966); Community National Bank of Bal Harbour v. Burt, 183 So.2d 731 (Fla.App.3d 1966); Liabos v. Harman, 215 So.2d 487 (Fla.App.2d 1968); American Salvage and Jobbing Company, Inc. v. Salomon, 295 So.2d 710 (Fla.App.3d 1974).

. Kellenberger v. Widener, supra note 3.