PER CURIAM.
After Hardemon had qualified as a candidate for Dade County Commissioner and the qualifying period had expired, he notified the supervisor of elections, as provided by section 101.253(1), Florida Statutes (1993),[1] that he would not accept the office if elected. The day after, he attempted to withdraw the non-acceptance. The trial court, however, held that section 101.253(1), which is specifically entitled ‘When names not to be printed on ballot,” mandatorily requires, see S.R. v. State, 346 So.2d 1018 (Fla.1977), the exclusion of a candidate who has filed the notification in question. Because the statute makes no provision or exception for a change of mind, we agree that, under these circumstances, Hardemon’s name may not be placed on the ballot.[2] See Battaglia v. Adams, 164 So.2d 195 (Fla.1964).
Affirmed.

. The provision states:
101.253 When names not to be printed on ballot.—
(1) No candidate’s name, which candidate is required to qualify with a supervisor of elections for any primary or general election, shall be printed on the ballot if such candidate has notified the supervisor of elections in writing, under oath, on or before the 42nd day before the election that he will not accept the nomination or office for which he filed -qualification papers. The supervisor of elections may, in his discretion with the approval of the Department of State, allow such a candidate to withdraw after the 42nd day before an election, upon receipt of written notice, sworn to under oath, that he will not accept the nomination or office for which he qualified.

. Contrary to the appellant's position, section 101.253(3), Florida Statutes (1993) does not afford him a right to reentry into the race.