670 So.2d 1010 (1996)
Olga ABREAU, Kimrey Newlin, Ernest Raynor, Margartia Ruiz, and Joan Chandler, Appellants,
v.
Sue COBB, Dean Colson, George Knox, Vicky Luna, Shirley Merlin West, Rodlando Rodriguez, Frankie Rolle and Mary Schulman, and Harvey Ruvin, Clerk of the Circuit and County Courts for the Eleventh Judicial Circuit in and for Dade County, Florida, Appellees.
No. 95-871.
District Court of Appeal of Florida, Third District.
February 14, 1996.
Rehearing Denied April 17, 1996.
*1011 Entin, Schwartz & Margules and Richard Della Fera and Philip Reilly, Fort Lauderdale, for appellants.
Adorno & Zeder and Raoul G. Cantero, III, Coconut Grove, Eckert, Seamans, Cherin & Mellott and Eileen Ball Mehta and Albert E. Dotson, Jr., Miami, for appellees.
Before BARKDULL, COPE and GERSTEN, JJ.
PER CURIAM.
From the record it appears that in July, 1994, certain Dade County voters sought a recall election to remove District 7 County Commissioner Maurice Ferre from office. The petition was not certified because it lacked the requisite number of signatures. See § 7.02(2), Art. 7, Dade County Charter. In November, 1994, voters again filed a petition seeking a recall election of Ferre; this petition did not state grounds for such recall.
In December, 1994, District 7 residents who had voted for Ferre filed a declaratory judgment action to prohibit Harvey Ruvin, Clerk of the Courts, from certifying the latest petition based on the petition's filing within one year of the July petition[1] and the failure to contain grounds for the election as required under § 100.361(1)(b), Fla.Stat. (1993).[2] Prior to the stay hearing, the Clerk certified the petition. Plaintiffs amended the petition and requested that the court declare the certification null and void.
The court granted the motion and decertified the petition stating:
"The petition for recall is untimely since it was filed within one year of a prior recall petition; and, it fails to state the grounds required by statute. Therefore, the ministerial act of the Clerk of the Court is declared null and void."
Following post-trial motions this appeal ensued. We agree with the appellants *1012 contention that the recall petition complied with the Dade County Charter.[3] Therefore, the court erred in finding that the petition was null and void for failure to comply with § 100.361(1)(b). The Charter supersedes the statute pursuant to § 11, Art. VIII, of the 1885 Florida Constitution, carried forward by § 6(e), Art. VIII, of the 1968 Florida Constitution.[4] The Charter sets forth the petition form, which does not require a recall petition to state the grounds for removal.[5] Thus, pursuant to the constitutional provision, the petition is not required to comply with the statute and the Charter is supreme.
Even in the absence of a conflict, requiring compliance with the statute constitutes an unlawful amendment of the Charter. Although Attorney General Opinions are not binding on this Court, they are certainly persuasive when directly on point. Attorney General Opinion 076-167 held that "there is a constitutional provision prohibiting the Legislature from amending or repealing the charter of any municipality in Dade County." See § 11(1)(g), Art. VIII, Fla. Const. 1885, carried forward by § 6(e), Art. VIII, Fla. Const. 1968. The opinion further stated that because of this constitutional provision, the terms of the Dade County charter relating to the recall of any commissioner would prevail over § 100.361. Similarly, Attorney General Opinion 079-38 concludes that § 100.361 Fla. Stat. "provides procedures for the recall of members of the governing bodies of all municipalities and charter counties (except Dade County), regardless of whether the charter of the municipality or charter county contains provisions respecting the recall of such members." [Emphasis added.] The more recent Attorney General Opinion 082-11 modified the previous opinions, holding that "when the Legislature enacts a general law which is applicable not only to a municipality in Dade County but also to one or more municipalities outside Dade County, such provision will prevail over a conflicting provision in a charter of a Dade County municipality." The distinguishing factor in the present case is that we are not dealing with a Dade County municipality; this case involves Dade County.
In addition, the trial court improperly and implicitly ruled that the Charter is invalid based on the absence of the statement of grounds requirement. Section 6(e), Art. VIII of the 1968 Florida Constitution carries forward the 1885 Constitution and establishes the Charter's validity. Perhaps this was most clearly stated by the Fifth Circuit in Gordon v. Leatherman, 450 F.2d 562 (Fifth Circuit 1971), which held that the "[Dade County] Charter provides a structure whereby commissioners serve at the will of the electorate, and as such, no statement need be made of reasons for recall." Leatherman, at 566. The Fifth Circuit further stated that "the presence or absence of a requirement that reasons be stated on the face of a recall petition reflects the nature of the political system in operation." Id.
The trial court's reliance on Hardemon v. Leahy, 642 So.2d 28 (Fla. 3d DCA 1994), is misplaced. Hardemon did not involve a Charter provision founded on specific constitutional grant of power and did not discuss the Charter.
The trial court additionally erred in holding that § 7.02(7) of Art. 7 of the Dade County Charter, which precludes certification within one year of the "defeat" of a recall petition, precluded certification of the petition at issue because it was filed within one year of the July petition. The trial court order never refers to the "defeat" requirement. The July petition was not placed on the ballot due to insufficient signatures. The lack of signatures renders the petition insufficient and it failed, but was not "defeated." *1013 § 7.01(3), Art. 7, Dade County Charter. The common definition as well as other portions of the Charter indicate that the term "defeat" means the voters' rejection.
For the foregoing reasons, we reverse the trial court's order decertifying the recall petition with directions to dismiss the plaintiff's complaint seeking declaratory relief.
Reversed and remanded with directions.
NOTES
[1] Section 7.02(7) of Art. 7 of the Dade County Charter states, "[n]o recall petition against such officer shall be certified within one (1) year after he takes office nor within one (1) year after a recall petition against him is defeated."
[2] Section 100.361(1)(b) requires a recall petition to make a statement of the grounds for recall, and limits the grounds for removal to malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform official duties, and conviction of a felony involving moral turpitude.
[3] See § 7.02, Art, 7, Dade County Charter (no requirement that petition state grounds for recall).
[4] Section 11, Art. VIII of the 1885 Florida Constitution provides for a home rule charter in Dade County, and specifically grants the Board of County Commissioners the right to "provide a method for the recall of any commissioner." § 11(1)(i), Art. VIII, Fla. Const. (1885).
[5] See § 7.02, Art. 7, Dade County Charter (requiring, among other things, the form of the petition, a certain number of signatures, certification of the petition, and time limits for recall election, but not requiring the petition to state grounds for recall).