933 So.2d 1285 (2006)
Charles KIMBALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-758.
District Court of Appeal of Florida, Second District.
August 2, 2006.
*1286 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Charles Kimball appeals his convictions for aggravated battery and leaving the scene of a crash with injury and also challenges certain costs imposed by the trial court. Although we agree with Kimball that the prosecutor made an improper remark during the closing argument, we conclude that the error was not so prejudicial as to require a mistrial and, therefore, affirm the convictions without further discussion. On the cost issues, we affirm the $2 assessment for the Criminal Justice Education Fund but reverse for the trial court to strike the $20 assessment for the Crime Stoppers Trust Fund.
In two motions filed pursuant to Florida Rule of Criminal Procedure 3.800(b), Kimball challenged the $2 assessment for the Criminal Justice Education Fund, authorized by section 938.15, Florida Statutes (2004), and the $20 assessment for the Crime Stoppers Trust Fund, authorized by section 938.06.
Regarding the $2 assessment, Kimball asserts that the statute authorizes this assessment only for violations of county or municipal ordinances. Kimball's position is supported by a Florida Attorney General's Opinion, 2002-10, 2002 WL 120819 (2002), which concludes that a county or municipality is authorized to assess the $2 only for violations of its own ordinances. Thus, a county or municipality has no authority to assess the cost for the violation of a state statute that occurs within its jurisdiction.
We disagree with the conclusion reached by the Attorney General's Opinion. A plain reading of section 938.15 grants a county or municipality the authority to assess the $2 for state statute violations that occur within its jurisdiction. Section 938.15 provides that "[i]n addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminal justice education . . . for their respective officers." (Emphasis added.) The "costs provided for" in section 938.01 are assessed against "every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance." § 938.01(1). We construe the use of the word "additional" in section 938.15 to mean that where a municipality or county has chosen to make the $2 assessment, it shall be an additional cost in every case where the costs provided for by 938.01 have been authorized, which includes violations of state statutes.
The declared purpose of authorizing the additional $2 cost is to provide training for local law enforcement. As a practical matter, if the $2 assessment were limited to *1287 convictions for violations of municipal or county ordinances, it is doubtful that the assessment would produce enough revenue to fund "criminal justice education degree programs and training courses." § 938.15. Accordingly, we reject Kimball's challenge to the $2 assessment.
The trial court erred, however, in denying Kimball's challenge to the $20 assessment for the Crime Stoppers Trust Fund. Section 938.06(1) authorizes this assessment as "an additional surcharge" to "any fine prescribed by law." Where, as here, no fine was imposed, no surcharge could be applied. Lang v. State, 856 So.2d 1105 (Fla. 1st DCA 2003).[1] The trial court must strike this cost.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] In its brief, the State recites that a fine was imposed. The record belies this assertion.