946 So.2d 1129 (2006)
Louis James DADDS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4638.
District Court of Appeal of Florida, Second District.
December 15, 2006.
Rehearing Denied January 30, 2007.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
*1130 LaROSE, Judge.
Louis James Dadds appeals his convictions and sentences for possession of cocaine and possession of drug paraphernalia. We find no merit in Mr. Dadds' argument that the trial court should have interviewed jurors before denying his new trial motion. We write, however, to address the trial court's imposition of certain costs and fines. Mr. Dadds properly preserved a challenge to the imposition of a $525 fine and surcharge, a $300 public defender fee, and a $20 Crime Stoppers Trust Fund cost by filing a motion to correct sentencing error. See Fla. R.App. P. 3.800(b)(2). The trial court summarily denied his motion.
Mr. Dadds argues that the trial court pronounced no statutory basis for the imposition of a $500 fine other than section 938.04, Florida Statutes (2004), that addresses the imposition of a five percent surcharge to the imposed fine. We conclude that the fine and surcharge must be stricken. The trial court's monetary obligations order refers to section 893.13, Florida Statutes (2004). Mr. Dadds' cocaine possession conviction is for a violation of section 893.13(1)(a)(2). That subsection does not mandate a $500 fine. Section 893.13(1)(a)(2) does refer to section 775.083, Florida Statutes (2004), as does the trial court's monetary obligations order. However, fines under section 775.083(1) are discretionary and must be pronounced. Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995). Because the trial court did not make that pronouncement, the $500 fine and $25 surcharge cannot stand. Thus, we reverse the imposition of the $525 fine and surcharge and remand with directions that they be stricken. See, e.g., Willits v. State, 884 So.2d 73, 74 (Fla. 2d DCA 2004) (remanding for trial court to strike fine and surcharge and noting that defendant's presence at resentencing was not required).
Relying on section 938.06, Florida Statutes (2004), the trial court also imposed a $20 mandatory cost for the Crime Stoppers Trust Fund. Section 938.06(1) authorizes this cost as "an additional surcharge" to "any fine prescribed by law." Because the $500 fine discussed above was not properly imposed, the trial court could not impose the additional $20 surcharge under section 938.06. See, e.g., Kimball v. State, 933 So.2d 1285, 1287 (Fla. 2d DCA 2006); Lang v. State, 856 So.2d 1105, 1106 (Fla. 1st DCA 2003). This cost must be stricken. Kimball, 933 So.2d at 1287.
Finally, Mr. Dadds argues that the trial court failed to pronounce the statutory basis for the imposition of a $300 public defender fee. The trial court orally pronounced a $300 fee "for the help of your lawyer." Mr. Dadds agreed that the amount was reasonable. The trial court's monetary obligations order cites section 938.29, Florida Statutes (2004), as authority for this fee. The trial court's description of the fee and citation to the correct statutory provision is sufficient to warrant affirmance. See, e.g., Ayoub v. State, 901 So.2d 311, 314 (Fla. 2d DCA 2005) (holding that identifying cost by name is sufficient description to substitute for statutory citation but directing that future cost orders should include proper statutory citations); Cook v. State, 896 So.2d 870, 872 (Fla. 2d DCA 2005) (explaining procedure involved in imposing attorney's fees under section 938.29).
Affirmed in part, reversed in part, and remanded with directions to strike the $525 fine and surcharge and the $20 Crime Stoppers Trust Fund cost.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.