969 So.2d 1218 (2007)
Steven Douglas MASENGALE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5363.
District Court of Appeal of Florida, Second District.
December 14, 2007.
*1219 Thomas Matthew McLaughlin and Lynda B. Barack of Barack & McLaughlin, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Steven Masengale challenges his conviction and sentence for aggravated battery on numerous grounds. We affirm Masengale's conviction and sentence without comment. However, on the State's concession of error in response to Masengale's motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), we strike a fine and a cost that were improperly imposed and remand for entry of a corrected judgment for fines and costs.
The written judgment for fines and costs entered by the trial court includes a $175 fine under section 775.083, Florida Statutes (2005). Fines under section 775.083 are discretionary and must be orally pronounced at sentencing. Dadds v. State, 946 So.2d 1129, 1130 (Fla. 2d DCA 2006); Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995). In this case, however, the trial court did not orally pronounce this fine at the sentencing hearing. Therefore, this fine must be stricken. Dadds, 946 So.2d at 1130.
The written judgment for fines and costs also includes a $20 mandatory cost for the Crime Stoppers Trust Fund pursuant to section 938.06, Florida Statutes (2005). Section 938.06(1) authorizes this cost as "an additional surcharge" to "any fine prescribed by law." Here, because the $175 fine was not properly imposed, the trial court could not impose the additional $20 surcharge under section 938.06. Dadds, 946 So.2d at 1130; Kimball v. State, 933 So.2d 1285, 1287 (Fla. 2d DCA 2006). Therefore, this cost must be stricken as well.
Affirmed but remanded for entry of a corrected judgment for fines and costs.
WHATLEY and CASANUEVA, JJ., Concur.