BENTON, J.
Daryl Edney appeals his conviction for sexual battery on a child less than 12 years of age by a defendant 18 years of age or older, and the life sentence without the possibility of parole he received as a result. We affirm the conviction and life sentence. We write only to address imposition of costs pursuant to section 938.15, Florida Statutes (2006), which appellant also challenges.
Below Mr. Edney filed a motion to correct sentencing error pursuant to Rule 3.800(b)(2), Florida Rules of Criminal Procedure (2007), which alleged that the trial court erred by imposing costs pursuant to section 938.15. The trial court declined to rescind the cost awards and denied the motion pro tanto, finding that “the record does not show any costs associated with this particular statute....” On appeal, the State also takes the position that no costs were imposed pursuant to section 938.15.
A review of the record belies the trial court’s conclusion, which the State’s brief echoes. The judgment states that Mr. Ed-ney “is liable for and shall pay the following: ... $2.00 as a court cost pursuant to § 938.15, F.S. (County Criminal Justice Education) ... [and] $2.00 as a court cost pursuant to § 938.15, F.S. (City Criminal Justice Education).” The judgment also states the sum of all costs and fines imposed — $2,535—which includes both $2.00 cost awards at issue here. The record clearly demonstrates that costs were imposed pursuant to section 938.15. Because Mr. Edney preserved the point with his Rule 3.800(b)(2) motion, we now consider his contention that the costs were improperly imposed.
Section 938.15 authorizes both municipalities and counties to assess a cost of $2.00 “for expenditures for criminal justice education degree programs and training courses”:
In addition to the costs provided for in s. 938.01,[:|:] municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses, including basic recruit training, for their respective officers and employing agency support personnel, provided such education degree programs and training courses are approved by the employing agency administrator, on a form provided by the commission, for local funding.
*1283 § 938.15, Fla. Stat. (2006). Where a county or a municipality or both have made assessment(s), it falls to the state court judge actually to impose the cost(s) in a particular case.
In Kimball v. State, 933 So.2d 1285, 1286 (Fla. 2d DCA 2006), the Second District interpreted section 938.15 to apply to all criminal convictions and all violations of county and municipal codes, giving effect to the plain language of the statute:
A plain reading of section 938.15 grants a county or municipality the authority to assess the $2 for state statute violations that occur within its jurisdiction. Section 938.15 provides that “[i]n addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminal justice education ... for their respective officers.” (Emphasis added.) The “costs provided for” in section 938.01 are assessed against “every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance.” § 938.01(1). We construe the use of the word “additional” in section 938.15 to mean that where a municipality or county has chosen to make the $2 assessment, it shall be an additional cost in every case where the costs provided for by 938.01 have been authorized, which includes violations of state statutes.
Although “as between District Courts of Appeal, a sister district’s opinion is merely persuasive,” State v. Hayes, 333 So.2d 51, 53 (Fla. 4th DCA 1976) (citing Spencer Ladd’s, Inc. v. Lehman, 167 So.2d 731 (Fla. 1st DCA 1964), modified orí different grounds, 182 So.2d 402 (Fla.1965)), we are persuaded here and adopt this analysis.
The Attorney General has construed the statutory provision differently to apply to violations of county or municipal ordinances alone. See Op. Att’y Gen. Fla. 02-10 (2002) (“[I]t is my opinion that the assessment authorized in section 938.15, Florida Statutes, is payable to the county or municipality by an individual who has been convicted of a violation of the respective county or municipal ordinance .... ”). The Attorney General’s restrictive reading of the statute is based on the following reasoning:
[T]he Legislature has recognized that funds collected pursuant to section 938.15, Florida Statutes, are in addition to those imposed under section 938.01, Florida Statutes, and such funds fall outside the appropriation requirements for funds collected under section 938.01. The plain language of section 938.15 authorizes municipalities and counties to assess the additional costs to be used for criminal justice education degree programs and training courses. Moreover, the recognition in section 938.01(1) that assessments are collected from individuals convicted for violation of municipal or county ordinance would logically suggest that municipalities and counties are authorized to assess the additional cost in section 938.15 only for violations in their respective jurisdictions and for violations of their respective ordinances.
Such a conclusion is consistent with this office’s previous opinions finding that fines and forfeitures received from violations of ordinances or misdemeanors committed in a county, or municipal ordinances committed within a municipality within the jurisdiction of the county court, are paid to the county or municipality respectively. Moreover, the district court in Reyes v. State based its conclusion that the assessment allowed under section 938.15, Florida Statutes, is discretionary on the finding that “the *1284 statue [sic] is permissive, does not mandate action by the court, and is dependent upon the locality of the offense [.]” (e.s.) Nothing in section 938.15 evidences an intent that a county and municipalities located therein may each impose an assessment regardless of the location of the offense or the statute or ordinance violated.
Id. (footnotes omitted). Attorney General opinions do not, of course, have binding effect in court. See Abreau v. Cobb, 670 So.2d 1010, 1012 (Fla. 3d DCA 1996); Johnson v. Lincoln Square Props., Inc., 571 So.2d 541, 543 (Fla. 2d DCA 1990); Causeway Lumber Co. v. Lewis, 410 So.2d 511, 515 (Fla. 4th DCA 1981). We do not find the Attorney General’s views on this point persuasive, and point out that nobody contends that the location of the offense is irrelevant.
We are persuaded instead by the view espoused by the Second District. See Kimball, 933 So.2d at 1286 (“We disagree with the conclusion reached by the Attorney General’s Opinion.”). Although we do not believe it necessary to consider the point, given the plain language of the statute, we also agree with the Kimball court, when it said:
The declared purpose of authorizing the additional $2 cost is to provide training for local law enforcement. As a practical matter, if the $2 assessment were limited to convictions for violations of municipal or county ordinances, it is doubtful that the assessment would produce enough revenue to fund “criminal justice education degree programs and training courses.” § 938.15.
Id. at 1286-87. Giving effect to the plain language of the statute, as we must, see, e.g., Atlantis at Perdido Ass’n, Inc. v. Warner, 932 So.2d 1206, 1212-13 (Fla. 1st DCA 2006), we agree that “[a] plain reading of section 938.15 grants a county or municipality the authority to assess the $2 [eost(s) ] for state statute violations that occur within its jurisdiction.” Kimball, 933 So.2d at 1286. The plain language of section 938.15 does not limit its reach to violations of county and municipal ordinances.
In denying Mr. Edney’s motion to correct sentencing error on grounds no costs were imposed pursuant to section 938.15, the trial court reached the right result for the wrong reason. Applying the “tipsy coachman” rule, the denial of the relief requested in Mr. Edney’s motion to correct sentencing error should be affirmed. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002).
Affirmed.
DAVIS and PADOVANO, JJ., concur.

 Section 938.01 provides, in pertinent part:
All courts created by Art. V of the State Constitution shall, in addition to any fine or other penalty, require every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance to pay $3 as a court cost.
§ 938.01(1), Fla. Stat. (2006).