CRENSHAW, Judge.
 

 John Thomas Perdue challenges the trial court’s imposition of a $525 fíne and surcharge and $20 Crime Stoppers Trust Fund cost in case CF07-0765, and another $525 fine and surcharge and $20 Crime Stoppers Trust Fund cost in case CF07-3377. Perdue properly preserved these issues by filing a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2).
 
 See Jackson v. State,
 
 983 So.2d 562, 574 (Fla.2008) (“[T]he imposition of costs without statutory authority is a ‘sentencing error’ for purposes of rule 3.800(b).” (citing
 
 Maddox v. State,
 
 760 So.2d 89, 109 (Fla.2000))). However, the trial court denied Perdue’s motion as to these claims.
 

 The State concedes the trial court erred by failing to orally pronounce the statutory authority for imposing the $525 fíne and surcharge pursuant to section 775.083, Florida Statutes (2006). We agree.
 
 See Masengale v. State,
 
 969 So.2d 1218, 1219 (Fla. 2d DCA 2007);
 
 Dadds v. State,
 
 946 So.2d 1129, 1130 (Fla. 2d DCA 2006). Likewise, the trial court erred by imposing the two $20 mandatory costs towards the Crime Stoppers Trust Fund. Section 938.06(1) authorizes the cost as “an additional surcharge” to “any fíne prescribed by law.” Because the $525 in fines and surcharges were not properly imposed, the additional $20 costs under section 938.06 must also fail.
 
 Masengale,
 
 969 So.2d at 1219;
 
 Dadds,
 
 946 So.2d at 1130. Accordingly, the $525 in fines and surcharges and $20 Crime Stoppers Trust Fund costs in both cases must be stricken.
 

 Affirmed, but remanded for entry of a corrected judgment striking the $525 in fines and surcharges and $20 Crime Stoppers Trust Fund costs.
 

 WALLACE and LaROSE, JJ., Concur.