WALLACE, Judge.
 

 Georgina Smith appeals the judgments and sentences imposed after she entered no contest pleas to charges of grand theft and scheming to defraud. Ms. Smith’s counsel has filed a brief in accordance with
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
 
 In re Anders Briefs,
 
 581 So.2d 149 (Fla.1991). After a careful review of the record, we find no error in Ms. Smith’s judgments and the probationary sentences imposed. However, we reverse and remand with directions to correct the amended judgment for fines and costs by striking a $20 cost for the Crime Stoppers Trust Fund.
 

 The original written judgment for fines and costs included a $175 fine under section 775.083, Florida Statutes (2006). In addition, the written judgment for fines and costs included a $20 cost for the Crime Stoppers Trust Fund in accordance with section 938.06, Florida Statutes (2006). The $175 fine was a discretionary fine that should have been orally pronounced at sentencing but was not.
 
 See Masengale v. State,
 
 969 So.2d 1218, 1219 (Fla. 2d DCA 2007). Ms. Smith filed a motion to correct sentencing error in which she sought relief from both the $175 fine and the $20 surcharge under
 
 Masengale.
 
 The trial court ordered the State to respond but only directed the State’s attention to the $175 fine. The State responded, conceding error. The trial court then entered an order directing the clerk of the circuit court to strike the $175 fine, and an amended judgment for fines and costs was subsequently entered, deleting the $175 fine. However, the order failed to address the $20 surcharge, and the amended judgment for
 
 *125
 
 fines and costs still contains this surcharge.
 

 On appeal, Ms. Smith argues that the trial court erroneously failed to strike the $20 cost in addition to the $175 fine. Ms. Smith is correct, and the State properly concedes error. Section 938.06(1) authorizes the additional $20 cost as “an additional surcharge” “to any fine prescribed by law.” Because the $175 fine was not properly imposed, the trial court could not impose the additional $20 surcharge.
 
 Perdue v. State,
 
 17 So.3d 1283, 1283 (Fla. 2d DCA 2009);
 
 Masengale,
 
 969 So.2d at 1219. Therefore, this cost should have been stricken as well.
 

 Accordingly, we affirm the judgments and sentences imposed on Ms. Smith, but we remand for the entry of a second amended judgment for fines and costs striking the $20 surcharge.
 

 Affirmed and remanded with instructions.
 

 KHOUZAM and CRENSHAW, JJ., Concur.