LaROSE, Judge.
 

 Louis Bryant, Jr., appeals his convictions and sentences for delivery of cocaine and possession of cocaine. We find no merit in Mr. Bryant’s argument that the trial court should have excluded evidence relating to the twenty-dollar bill used to buy cocaine. We write, however, to address a scrivener’s error in the judgment and the trial court’s imposition of certain costs and fines.
 

 Mr. Bryant argues, and the State concedes, that the written judgment erroneously describes count I as delivery of cocaine within 1000 feet of a church. We agree and remand for correction of this scrivener’s error.
 
 See Dennis v. State,
 
 917 So.2d 288, 288-89 (Fla. 1st DCA 2005).
 

 Mr. Bryant challenges two fines and two costs imposed by the trial court. He filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b)(2) to
 
 *953
 
 preserve these issues. The trial court did not rule on the motion within sixty days; thus, it is deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B);
 
 Watts v. State,
 
 973 So.2d 1271, 1272 (Fla. 2d DCA 2008). We strike the fines but affirm the costs.
 

 The written judgment includes a $500 fine pursuant to section 775.083(1), Florida Statutes (2007). Fines under this section are discretionary and must be pronounced orally at sentencing.
 
 Dadds v. State,
 
 946 So.2d 1129, 1130 (Fla. 2d DCA 2006). We strike the $500 fine because the trial court failed to pronounce it orally.
 
 See Perdue v. State,
 
 17 So.3d 1283, 1283 (Fla. 2d DCA 2009);
 
 Masengale v. State,
 
 969 So.2d 1218, 1219 (Fla. 2d DCA 2007).
 

 The written judgment also includes an additional five percent surcharge on the $500 fine in the amount of $25, pursuant to section 938.04, Florida Statutes (2007). Because the $500 fine was not properly imposed, the $25 surcharge must also be stricken.
 
 See Perdue,
 
 17 So.3d at 1283;
 
 Masengale,
 
 969 So.2d at 1219;
 
 Dadds,
 
 946 So.2d at 1130.
 

 Mr. Bryant challenges a $50 crime prevention cost imposed pursuant to section 775.083(2).
 
 [1]
 
 He argues that this cost is discretionary and must be pronounced orally. However, the statute provides that the court “shall” assess this cost.
 
 Id.
 
 Therefore, it is a mandatory cost that the trial court need not pronounce orally.
 
 See Anderson v. State,
 
 739 So.2d 601 (Fla. 2d DCA 1997) (stating that trial court need not orally pronounce mandatory costs). We affirm the crime prevention court cost.
 

 Finally, Mr. Bryant contests the imposition of a $150 prosecution cost pursuant to section 938.27. He claims that the State neither requested nor documented the cost item.
 
 [2]
 
 Mr. Bryant did not object at the sentencing hearing when the trial court orally pronounced the prosecution cost. Thus, he has not preserved this issue for our review.
 
 See Rivera v. State,
 
 34 So.3d 207, 209 (Fla. 2d DCA 2010) (holding rule 3.800(b)(2) motion will not preserve imposition of prosecution costs for review where the trial court orally pronounces them);
 
 Norman v. State,
 
 676 So.2d 7, 9 (Fla. 4th DCA 1996). We affirm the imposition of the prosecution cost.
 

 We affirm Mr. Bryant’s convictions and sentences but remand for entry of a corrected judgment and sentence as addressed in this opinion.
 

 Affirmed and remanded.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.
 

 [1]
 

 . In addition to the fines set forth in subsection (1), court costs shall be assessed and collected in each instance a defendant pleads nolo contendere to, or is convicted of, or adjudicated delinquent for, a felony, a misdemeanor, or a criminal traffic offense under state law, or a violation of any municipal or county ordinance if the violation constitutes a misdemeanor under state law. The court costs imposed by this section shall be $50 for a felony and $20 for any other offense and shall be deposited by the clerk of the court into an appropriate county account for disbursement for the purposes provided in this subsection....
 

 § 775.083(2), Fla. Stat. (2007).
 

 [2]
 

 . In all criminal cases, convicted persons are liable for payment of the documented costs of prosecution, including investigative costs incurred by law enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, if requested by such agencies....
 

 § 938.27(1), Fla. Stat. (2007).