Dear Mr. Fuller:
You have asked for my opinion on substantially the following question:
Does the language in section 938.06, Florida Statutes, as amended by section 31, Chapter 2010-162, Laws of Florida, require the Clerk of Court to collect a fee for the Crime Stoppers program in all criminal cases or is the Clerk limited to collecting the Crime Stoppers fee only in those cases in which another fine is assessed?
In sum:
Section 938.06(2), Florida Statutes (2010), requires the clerk of court to collect a court cost of $20.00 for the Crime Stoppers program when such cost has been assessed by the court against a person convicted of any criminal offense, including convictions in which adjudication is withheld.
You have advised this office that a guide published to assist clerks in implementing Florida law which contains a distribution schedule of court costs and other fees and service charges currently provides that the Crime Stoppers trust fund fine and fee are "assessed only if a fine is assessed." Your reading of section 938.06, Florida Statutes, and recent amendments appear to make the collection of this court cost mandatory without regard to any other fines or fees assessed and you have asked for this office's assistance in clarifying this matter. I would note that your question and my response deal only with the responsibility of the clerks of court as set forth by the Legislature in section 938.06, Florida Statutes; no comment is expressed herein on the assessment of such costs by the judiciary.
Section 938.06, Florida Statutes (2009), provided as follows:
"938.06 Additional cost for crime stoppers programs. —
(1) In addition to any fine prescribed by law for any criminal offense, there is hereby assessed as a court cost an additional surcharge of $20 on such fine, which shall be imposed by all county and circuit courts and collected by the clerks of the courts together with such fine.
(2) The clerk of the court shall collect and forward, on a monthly basis, all costs assessed under this section, less $3 per assessment as a service charge to be retained by the clerk, to the Department of Revenue for deposit in the Crime Stoppers Trust Fund, to be used as provided in s. 16.555."
The statute clearly imposes a duty on the clerk of the court to collect and forward the Crime Stoppers court cost, as it is assessed by the court, to the Department of Revenue.
Section 16.555, Florida Statutes, establishes the Crime Stoppers Trust Fund "for the purpose of grant administration to fund Crime Stoppers and their crime fighting programs within the units of a local government of the state."[1] Funds deposited in the trust fund pursuant to this statute are required to be disbursed as follows:
"Funds deposited in the trust fund pursuant to paragraph (4)(b) shall be disbursed as provided in this paragraph. Any county may apply to the department for a grant from the funds collected in the judicial circuit in which the county is located under s. 938.06. A grant may be awarded only to counties which are served by an official member of the Florida Association of Crime Stoppers and may only be used to support Crime Stoppers and their crime fighting programs. Only one such official member shall be eligible for support within any county. In order to aid the department in determining eligibility, the secretary of the Florida Association of Crime Stoppers shall furnish the department with a schedule of authorized crime stoppers programs and shall update the schedule as necessary. The department shall award grants to eligible counties from available funds and shall distribute funds as equitably as possible, based on amounts collected within each county, when more than one county is eligible within a judicial circuit."
The Department of Legal Affairs is the disbursing authority for distribution of funding to units of local government pursuant to section 16.555(5)(a), Florida Statutes.
Several court cases, predating the changes made to the statute by Chapter 2010-162, Laws of Florida, have concluded that the $20.00 assessment for the Crime Stoppers Trust Fund could not be made in a criminal prosecution in which no fine was imposed or a fine was imposed improperly. In Lang v.State, [2] a 2003 District Court of Appeal case, the court struck the $20.00 "surcharge" imposed pursuant to section 938.06 on the defendant "because no fine was imposed." Subsequently, inDadds v. State, [3] the Second District, relying onLang and the language of the statute, struck an award of the Crime Stoppers Trust Fund cost because another fine had been improperly assessed:
"Relying on section 938.06, Florida Statutes (2004), the trial court also imposed a $20 mandatory cost for the Crime Stoppers Trust Fund. Section 938.06(1) authorizes this cost as "an additional surcharge" to "any fine prescribed by law." Because the $500 fine discussed above was not properly imposed, the trial court could not impose the additional $20 surcharge under section 938.06. (citations omitted) This cost must be stricken." (citations omitted)
Likewise, in Kimball v. State, [4] the District Court of Appeal struck the assessment of the Crime Stoppers Trust Fund since "[w]here, as here, no fine was imposed, no surcharge could be applied."[5] This office has been advised that the procedure described in the "Distribution Schedule of Court-Related Filing Fees, Service Charges, Costs, and Fines effective July 2010" to which you have drawn our attention is based on the holdings in these cases. However, based on the significant amendments to section 938.06, Florida Statutes, made by Chapter 2010-162, Laws of Florida, it is my opinion that the Crime Stoppers Trust Fund court cost should now be considered an independently assessed court cost not dependent upon the assessment of another fine or fee.
During the 2010 legislative session, section 938.06, Florida Statutes, was amended as follows:
"938.06 Additional Cost for crime stoppers programs. —
(1) In addition to any fine prescribed by law, when a person isconvicted of for any criminal offense, the county or circuit court shall assess there is hereby assessed as a court cost an additional surcharge of $20 on such fine, whichshall be imposed by all county and circuit courts and collected bythe clerks of the courts together with such fine.
(2) The clerk of the court shall collect and forward, on a monthly basis, all costs assessed under this section, less $3 per assessment as a service charge to be retained by the clerk, to the Department of Revenue for deposit in the Crime Stoppers Trust Fund, to be used as provided in s. 16.555.
(3) As used in this section, the term "convicted" means adetermination of guilt that is the result of a trial or the entry ofa plea of guilty or nolo contendere, regardless of whetheradjudication is withheld."[6]
These changes became effective July 1, 2010.[7]
Legislative history relating to the amendment of the statute indicates that the purpose of these changes was to "[c]larif[y] that the $20.00 court cost for crime stoppers is mandatory on all criminal convictions and criminal cases when adjudication is withheld."[8] By striking the word "additional" in the title to the statute and in the body, and by eliminating the language making this charge an "additional surcharge" on any other fine imposed, it appears that the changes made by the Legislature are directed at making it clear that this cost is not an additional cost to be added only when other fines or costs are assessed, but constitutes an independent "stand alone" cost imposed regardless of any other fine or fee even in criminal cases where adjudication is withheld.[9]
Therefore, it is my opinion that section 938.06(2), Florida Statutes (2010), requires the clerk of court to collect a court cost of $20.00 for the Crime Stoppers program when such cost has been assessed by the court against a person convicted of any criminal offense, including convictions in which adjudication is withheld.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 16.555(3), Fla. Stat.
[2] 856 So. 2d 1105 (Fla. 1st DCA 2003).
[3] 946 So. 2d 1129 (Fla. 2d DCA 2006).
[4] 933 So. 2d 1285, (Fla. 2d DCA 2006).
[5] Id. at 1287.
[6] Section 31, Ch. 2010-162, Laws of Fla.
[7] See s. 42, Ch. 2010-162, Laws of Fla.
[8] Summary of Conference Committee Action on CS/HB 5401, April 30, 2010.
[9] When the language of the statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction. See Holly v. Auld,450 So. 2d 217, 219 (Fla. 1984), Reino v. State,352 So. 2d 853, 860 (Fla. 1977); State v. Egan,287 So. 2d 1, 4 (Fla. 1973); Tallahassee Memorial Regional MedicalCenter, Inc. v. Tallahassee Medical Center, Inc.,681 So. 2d 826, 830 (Fla. 1st DCA 1996).