PER CURIAM.
Gary Kent appeals his conviction and sentence for possession of a firearm by a convicted felon, possession of cannabis, and tampering with physical evidence. We affirm Appellant’s conviction without comment as to the felon-in possession and tampering charges, and with reference to State v. Adkins, 96 So.3d 412 (Fla.2012), as to the cannabis charge, but reverse to correct minor errors in Appellant’s sentence.[1]
Appellant first argues that the oral sentence does not conform to the written sentence as to the amount of time served. Where the oral pronouncement and the written sentence do not agree, the oral pronouncement controls. Williams v. State, 957 So.2d 600, 603 (Fla.2007). Here, the record indicates the trial court pronounced 646 days’ credit for time served, while the written sentence included credit for only 640 days. We therefore reverse and remand for correction of the written sentence.
Appellant next argues that the lump-sum imposition of discretionary fines and costs was erroneous. While mandatory costs may be imposed in a lump-sum amount, discretionary fines must be orally imposed. Bryant v. State, 47 So.3d 952 (Fla. 2d DCA 2010). We therefore reverse the imposition of the $1,000 fine and attendant five percent surcharge and $20 court cost.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, RAY, and MAKAR, JJ., concur.

. Appellant moved for correction of the sentence under Florida Rule of Criminal Procedure 3.800, but the trial court failed to rule on the motion within 60 days. Thus, the motion was deemed denied. Fla. R.Crim. P. 3.800(b)(2). Though the trial court belatedly ruled on the motion, the ruling was a nullity, as the 60-day time period had expired. Waters v. State, 916 So.2d 27, 28 (Fla. 1st DCA 2005).