NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CURAY J. DAVIS,                         )
a/k/a CURAY JEROME DAVIS,               )
                                        )
      Appellant,                        )
                                        )
v.                                      )          Case No. 2D18-892
                                        )
STATE OF FLORIDA,                       )
                                        )
      Appellee.                         )
_____)

Opinion filed April 3, 2019.

Appeal from the Circuit Court for Polk
County; William D. Sites, Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, for Appellee.


VILLANTI, Judge.


      Curay Jerome Davis challenges the trial court's imposition of a $500 fine

and 5% surcharge. Davis properly preserved this issue by filing a motion to correct

sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The State

responded by arguing that the fine was a mandatory fine, relying on section

893.13(1)(d)(3), Florida Statutes (2017).  But the statute did not factually apply to Davis's case because he was not charged with the sale of a controlled substance within 1000 feet of a proscribed location.  Rather, the fine was discretionary and the trial court was thus required to pronounce the statutory authority for the fine, section 775.083, Florida Statutes (2017).  See Perdue v. State, 17 So. 3d 1283 (Fla. 2d DCA 2009) (holding that the trial court erred in failing to orally pronounce the statutory authority for the discretionary $525 fines and surcharges).

Because the trial court erred by failing to orally pronounce the statutory authority, we remand for entry of a corrected judgment striking the $500 fine and 5% surcharge.  In all other respects, we affirm.

LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.